Mr. Justice NELSON
 

 delivered the opinion of the court.
 

 This is an appeal from a decree of the Circuit Court of the United States for the southern district of New York, sitting in admiralty.
 

 Between sixty and seventy libels had been filed in the District Court by material men — men.who had furnished supplies; also, by shippers of goods and passengers — against the ship Angelique, or which S. W. Jones was master. These several proceedings were commenced in July and August'' 1853, and interlocutory decrees, condemning.the vessel, were entered in all of them, and final decrees in some six or seven. One of the parties obtaining a final decree issued execution, and the vessel was sold, ana the proceeds brought into court. The vessel sold for $§,900.
 

 In this stage of these proceedings, the present appellants filed their libel against the proceeds of the ship in court, setting forth, that, being the owners of the vessel,, they sold and delivered her to one A. Pellitier, for the sum of $15,000, on • the 7th May, 1853;' that of this sum a promissory note of the vendee was given for $5,000, payable in six months, which was secured by a mortgage upon a moiety of the vessel to the vendors, which was duly recorded, in pursuance of the act of Congress, on the 9th May, 1853, in the office of the collector of customs of the port of New York, where the vessel was then registered, and a copy of the mortgage was also filed in the office of the register of deeds of the city and county of New York.
 

 The libel prayed process against a moiety of the proceeds of the vessel in court, claiming the same under, and by virtue of, the mortgage.
 

 Several of the libellants, who had obtained either final or interlocutory decrees, above referred to, appeared, and put in
 
 *241
 
 answers to this libel of /the mortgagees, setting np their proceedings, and the decrees condemning the vessel to pay their respective claims to the proceeds, in defence.
 

 The case went to a hearing, when the District Court decreed to dismiss the libel. On an appeal, the Circuit Court affirmed the decree.
 

 The libel filed in this ease is a libel simply to foreclose a mortgage, or to enforce the payment of a mortgage, and the proceeding cannot therefore be upheld within the case of the John Jay, heretofore decided by this court. (17 How., 399.)
 

 The proper course for the mortgagees was to have appeared as claimants to the libels filed against the vessel, in which the questions presented in the case might have been raised and considered; or, on the sale of the vessel, and the proceeds brought into the registry, they might have applied by petition, claiming an interest in the fund; and if no better right to it were shown than that under the mortgage, it would have been competent for the court to have appropriated it to the satisfaction of the claim. As the fund is in the custody of the admiralty, the application must necessarily be made to that court by any person setting up an interest in it. This application by petition is frequently entertained for proceeds in the registry, in cases where a suit in the admiralty would be wholly inadmissible. The decree of the court below is therefore right, and should be affirmed.