## Case No. 9,808.

### MORGAN v. TAPSCOTT et al.

[5 Ben. 252.] [1]

District Court, E. D. New York. June. 1871.

ADMIRALTY JURISDICTION—POSSESSORY ACTION BY MORTGAGEE OF VESSEL.

Owners of a majority interest in a ship gave a mortgage on it to M. to secure advances. The mortgage having become due, M. took possession of the interest mortgaged, and claimed to hold the ship as majority owner. Thereupon S., the master, who was a part owner in the vessel, and T., another part owner, ejected M., and he thereupon filed a possessory libel against them and the vessel, to recover possession of the ship. *Held*, that the court had no jurisdiction of the action.

[Cited in The Grand Republic, 10 Fed. 399.]

This was a libel [by William D. Morgan,] to recover possession of the ship William Tapscott, and was filed against her and against James F. Tapscott, owner of eight forty-eighths of the ship, and James H. Spencer, master, owner of six forty-eighths of her. The libel alleged that James B. Bell, being the owner of thirty-three forty-eighths of the ship Wm. Tapscott, and being indebted to the firm of E. E. Morgan's Sons, on June 4, 1869, mortgaged that interest to the libellant to secure that indebtedness; that on April 19, 1871, the moneys secured by the mortgage had become due, and the libellant on that day took possession of the mortgaged interest, and became the absolute owner thereof, and majority owner of the ship, and entitled to hold the ship and the possession thereof against every one; and that on the 24th of April, the respondents violently ejected him from the ship. The respondents, claiming to be owners of thirty-three forty-eighths of the ship, besides answering to the merits, took an exception to the jurisdiction of the court, and the cause was heard on this exception alone.

Beebe, Donohue & Cooke, for libellant.
R. D. Benedict and James K. Hill, for respondents.

BENEDICT, District Judge. I am of the opinion that the decision of the supreme court of the United States, in the case of The John Jay, 17 How. [58 U. S.] 399, is decisive of this case. According to the reasoning of the case of The John Jay, such an action as the present cannot be maintained in the admiralty. The principle of the two cases is the same, and I am bound therefore to apply here the rule laid down by the supreme court, and pronounce against the jurisdiction.

The same effect was given to the decision of the case of The John Jay [supra], in a case similar in many aspects to the present, by the learned Judge Ware. The Wm. D. Rice [Case No. 17,691]. The exception to the

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

jurisdiction of the court, is, therefore, sustained, and the libel dismissed for want of jurisdiction.