## Case No. 6,101.

### The HARRIET ANN.

[6 Biss. 13; [1] 6 Chi. Leg. News, 268.]

District Court, N. D. Illinois. Feb., 1874.

LACHES IN ENFORCING MARITIME LIEN.

1. A seaman's lien for wages will not be enforced in admiralty, as against a bona fide purchaser, after the lapse of two seasons. Such a claim has become "stale."

[Cited in The Artisan, Case No. 567; The Live Oak, 30 Fed. 78.]

2. Though courts of admiralty are not governed by any absolute rule of limitations, they will never do injustice to bona fide purchasers by the enforcement of old secret liens.

[Cited in The Rapid Transit, 11 Fed. 335.]

In admiralty. This was a libel, filed April 3, 1873, by Ole M. Nelson, against the scow Harriet Ann, for seaman's wages during the years 1869, 1870 and 1871. The vessel was owned by John A. Nelson, who was also her captain. In the spring of 1870, quite expensive repairs were made on the vessel, the money to pay for which was obtained from Amos J. Snell and Clark Lipe, to whom Nelson gave a mortgage for their advances. The libellant worked upon the vessel as a seaman a part of the season of 1870, for which he seems to have been fully paid. In the spring of 1871, Snell and Lipe became owners of the vessel and received a bill of sale of her, which was duly recorded, although Capt. Nelson retained a right to purchase her at a stipulated price during the season of 1871, a right, however, which he never exercised. During the season of 1871, Capt. Nelson continued master of the vessel, and libellant worked upon her as mate from the 24th of August to the close of navigation, for which there is a balance of wages due him. Libellant was fully aware of the advances made by Snell and Lipe and of the final purchase of the vessel. When Snell and Lipe purchased the vessel, she was represented to them to be free and clear of all liens and incumbrances.

Brandt & Hoffman, for libellant.

John C. Richberg, for the Harriet Ann.

BLODGETT, District Judge. Libellant now claims a lien on the vessel for all the wages earned by him for the seasons of 1869, 1870 and 1871, inclusive, which amounts in the aggregate, as his proof shows, to about $560.

There is no statute of limitations applicable to this class of actions. Seamen are said to be the wards of a court of admiralty, and their lien upon the vessel for wages is always recognized and enforced, when the aid of the court is invoked in apt time. What lapse of time shall make a claim for wages, or any maritime lien, "stale," must depend so greatly upon the facts in each case that no general rule can be laid down which can be applied in all cases. The courts will always see to it that injustice be not done to subsequent bona fide purchasers and incumbrancers, by the enforcement of old secret liens. In this district, my learned predecessor has uniformly refused to enforce liens of this character after the lapse of two seasons. Substantially the same rule was applied by the learned judge for the Eastern district of Michigan, in the case of The Dubuque [Case No. 4,110]; and in the case of The Key City, 14 Wall. [81 U. S.] 653, the supreme court says (page 660): "While courts of admiralty are not governed in such cases by any statute of limitation, they adopt the principle that laches or delay in the judicial enforcement of maritime liens, will, under proper circumstances, constitute a valid defense. Where the lien is to be enforced to the detriment of a purchaser for value, without notice of the lien, the defense will be held valid under shorter time, and a more rigid scrutiny of the circumstances of the delay, than when the claimant is the owner at the time the lien accrued."

Tested by these rules, it seems to me libellant's earnings for the years 1869 and 1870, if anything remains unpaid which was earned in 1870, must be deemed a "stale" claim as against this vessel. No good reason is shown why the wages earned in 1869 were left unpaid, and those earned in 1870 were paid or nearly paid. Indeed there is some proof tending to show that there was an indebtedness between libellant and the owner of the vessel upon which these wages might have applied. Libellant is not shown to have been a man of much pecuniary means or able to do without these earnings.

A different rule, I think, should apply to the earnings of 1871. Snell and Lipe had then become the owners of the vessel, and were bound to see the wages paid. The captain was their agent, and the wages, while a lien on the vessel, became their debt.

A decree will therefore be entered for the wages of 1871, and a reference made to a commissioner to take proof as to the amount of such wages.

NOTE. In a recent case in the Eastern district of Michigan—The Melissa [Case No. 9,400]—it is held that, in order to maintain the defense against a claim as stale, it must be alleged and proved that respondents were purchasers in good faith, for a valuable consideration, and without notice of the existence of the claim. In the case of The Hercules [Id. 6,400], Judge Brown in the Eastern district of Michigan, held that creditors of a vessel plying upon the lakes must enforce their liens, as against bona fide purchasers without notice, during the current season of navigation, or within such reasonable time after the commencement of the new season as might be necessary to arrest the vessel; but that the circumstances of the case would frequently vary the rights of the respective parties.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]