THE GRAND REPUBLIC.

*(District Court, S. D. New York. January 28, 1882.)*

1. COLLISION—MORTGAGEE AS CO-LIBELLANT—MAY REPRESENT INTEREST OF INSURERS.

The mortgagee of a vessel sunk by a collision is entitled, for the protection of his mortgage interest, to come in on petition as co-libellant in a libel filed by the owners against the offending vessel. He may also represent in such petition the interest of insurers, by their consent, who have paid a part of the loss.

2. ADMIRALTY JURISDICTION—MARINE TORTS.

In such cases the jurisdiction rests upon the maritime tort. The injury to the mortgagee's interest by the destruction of the vessel is an injury recognizable in admiralty; and the marine tort entitles him to relief here, since he could maintain an action of trespass on the case at common law for a similar injury on land.

In Admiralty. Petition for leave to become co-libellants.

*Stapler & Wood,* for petitioners.

*W. H. McDougall,* for Martin & Kaskell.

*D. & T. McMahon,* for the Grand Republic.

BROWN, D. J. On the twenty-second of June, 1880, a libel was filed in the above case by the libellants, as owners of the steam-boat Adelaide, for damages from her being sunk in a collision with the Grand Republic, on the nineteenth of June, through the alleged fault of the latter. At the time of the loss of the Adelaide the present petitioners, the Harlan & Hollingsworth Company, held a mortgage upon the Adelaide, on which the sum of $20,000 was owing. A portion of the loss has been paid to the mortgagees by certain insurance companies, in whose behalf also, as well as for themselves, the

petitioners now ask leave to become co-libellants to recover for the injury to their interest as mortgagees of the vessel sunk by the collision.

The tenth rule of this court provides that "in case of salvage and other causes, civil and maritime, persons entitled to participate in the recovery, but not made parties in the original libel, may, upon petition, be admitted to prosecute as co-libellants, on such terms as the court may deem reasonable."

It is clear that the petitioners, as mortgagees, would be entitled "to participate in the recovery" for the destruction of their interest as mortgagees through the loss of the Adelaide. Admiralty courts have jurisdiction in all cases of maritime torts connected with navigation, and this jurisdiction is exercised in favor of all persons who would have a remedy at common law for similar injuries by an action on the case. *Philadelphia W. & B. Co.* v. *Philadelphia & H. De G. Co.* 23 How. 209, 215. A mortgagee at common law can maintain an action of trespass, or of trespass upon the case, for any injury to his interest as mortgagee, (*Van Pelt* v. *McGraw*, 4 N. Y. 110; *Manning* v. *Monaghan*, 23 N. Y. 539;) and whenever such an injury arises through a marine tort, he has, therefore, upon the general principles of admiralty jurisdiction, a right to relief in this court.

"All persons interested in the cause of action may be joined as libellants; in a collision, for instance, the owners of the ship which is injured, the shippers of the goods, and all persons affected by the injury which is the subject of the suit." Dunlap, Adm. Pr. 85. The most proper course is to join all such persons in one suit, that the rights of all may be determined in one trial and in one judgment. The petitioners are, therefore, within the provisions of rule 10, above quoted, and the general principles governing the joinder of parties.

There is some ambiguity in the language of the libel, so that it is not certain whether the libellants seek to recover the entire value of the vessel sunk, or only their own interest therein. A special reason, therefore, exists in this case for the joinder of the petitioners for the recovery of the damage to their interest as mortgagees through the same collision.

Objections have been made to the petitioners' right to become co-libellants, upon the ground that admiralty has no jurisdiction to enforce a mortgage lien or to give a mortgagee possession. *Bogart* v. *The John Jay*, 17 How. 399; *Schuchardt* v. *The Angelique*, 19 How. 239; *The Sailor Prince*, 1 Ben. 461; *Morgan* v. *Tapscott*, 5 Ben. 252. These cases, however, are all cases of actions by the mortgagee for the enforcement of his

rights of contract under the mortgage directly against the mortgaged vessel. But it being held that the mortgage of a vessel is not a maritime contract, no other ground of admiralty jurisdiction in these cases existed. The claim of the present petitioners is wholly different. It is for an injury to the petitioners' interest in one vessel inflicted through a marine tort by another vessel. In such cases the admiralty has jurisdiction in favor of the injured party against the offending vessel by reason of the maritime tort; and the petitioners have an interest in the vessel injured which is perfectly recognizable in admiralty, and which is therefore sufficient to entitle them to seek relief for that tort in this tribunal. Where jurisdiction of the *res* in admiralty has already been otherwise acquired in direct proceedings against the mortgaged vessel itself the mortgagee's interest in the *res* is recognized, and he may intervene for the protection of his interest either before or after the sale. *The Old Concord,* 1 Brown, Adm. 270; *Schuchardt* v. *The Angelique,* 19 How. 239, 241.

The petition shows that the petitioners represent the insurance companies and act by their authority, and they may therefore prosecute in behalf of the insurers, as well as of themselves, for the full amount of the mortgage interest. *Fretz* v. *Bull,* 12 How. 466, *Monticello* v. *Mollison,* 17 How. 152, 155; *Garrison* v. *Memphis Ins. Co.* 19 How. 312; *Hall* v. *Railroad Cos.* 13 Wall. 367; *Campbell* v. *The Anchoria,* 9 FED. REP. 840.

The prayer of the petition is therefore granted, and the petitioners may come in as co-libellants upon the usual stipulation for costs.