## BRITTON v. THE VENTURE.

*(District Court, W. D. Pennsylvania. October Term, 1884.)*

ADMIRALITY JURISDICTION—MORTGAGE OF VESSEL FOR PURCHASE MONEY.

A mortgage of a vessel to secure purchase money is not a maritime contract, and a court of admirality will neither decree a foreclosure thereof nor enforce the mortgagee's right of possession under it.

In Admiralty. *Sur* motion to dismiss libel.

*Bird & Porter,* for libelant.

*Barton & Son,* for respondents.

ACHESON, J. It appears by the admissions now of record, and from the copy furnished the court, that the instrument of January 17, 1883, recited in the libel, is nothing more than a mortgage of five-sixteenths of the steam tow-boat Venture, to secure the payment of certain promissory notes given for purchase money due the mortgagees upon a sale by them to the mortgagors of shares in the boat. Now it is settled that such mortgage is not a maritime contract, and that a court of admiralty will neither decree a foreclosure thereof nor enforce the right of the mortgagee to possession under it. *Bogart* v. *The John Jay,* 17 How. 399; *Schuchardt* v. *Ship Angelique,* 19 How. 239; *The Lottawanna,* 21 Wall. 588. These cases are decisive against the jurisdiction of the court over the controversy here, even did the authorities cited by the libelant's counsel hold a contrary doctrine. But they do not. For example, in the case of *The Martha Washington,* 1 Cliff. 463, there had been a decree of foreclosure, and the absolute title had become vested in the libelant before suit brought.

The motion to dismiss the libel for want of jurisdiction must be allowed. Let such decree be drawn.