## The Live Oak.[1]

### Carlson and others *v.* The Live Oak.

*(District Court, N. D. Illinois. February 7, 1887.)*

1. **Maritime Liens—Stale Claims—Lake Practice—Seamen's Wages.**
   The wages of seamen for the previous season, if sued upon during the season after they have accrued, are not stale, as against the claims of mortgagees whose mortgages were executed before the wages were earned.

2. **Same—Mortgagor in Possession.**
   A mortgagee who permits a mortgagor to retain possession subjects a vessel to such liens as may accrue under the latter's management.

*Schuyler & Kremer*, for intervenors.
*H. W. Magee*, for mortgagees.

Blodgett, J., *(orally.)* The libel in this case is for wages earned by libelants during the season of 1885 and 1886. The schooner has been sold, and her proceeds brought into court; and Mrs. Esther Robinson and Robert Liston have intervened as mortgagees, claiming to be paid out of the proceeds in court in preference to the wages earned in 1885, —Mrs. Robinson's mortgage having been given in April, 1882, and due one year after date, and Liston's mortgage having been given in April, 1885, and both mortgages duly enrolled in the office of the collector of customs in the home port of the vessel. After payment of the costs and the unchallenged maritime liens there is not money enough left to pay the libelants and these two mortgages in full, and it is now urged in behalf of these mortgagees that their mortgages are superior claims to the wages earned in the season of 1885, on the ground that the wages of 1885 are stale claims, and should not be enforced as against these mortgages.

In the case of *The Harriet Ann*, 6 Biss. 13, I had occasion to consider and pass upon the question of stale maritime claims, as against the rights of the *bona fide* purchasers, and there held that a claim for seamen's wages

[1] Reported by Theodore M. Etting, Esq., of the Philadelphia bar.

was stale, as against a *bona fide* purchaser for value, if not prosecuted during the season after the claim accrued. It was there stated that such had been the practice in this district for many years, and subsequent inquiry satisfies me that I was correct in that statement, and that the practice in this district has been to enforce maritime claims if proceedings were commenced during the next season after the claim accrued.

About half the wages sued for in this libel accrued during the season of 1885, and proceedings to enforce the same by a libel upon the vessel were commenced in September, 1886. Both these mortgages were given before the services were rendered for which the wages in question are claimed, and Mrs. Robinson's mortgage was long past due at the time these wages were earned; she having allowed the vessel to remain in the possession of the mortgagor, and these debts to accrue after her right of foreclosure was complete, while Liston's mortgage, like Mrs. Robinson's, left the vessel in the hands of the mortgagor, and subject to such maritime liens for wages and supplies as might accrue under the mortgagor's management. The facts bring the question in this case clearly within the rule announced in the case of *The Harriet Ann*, and I see no reason why that rule should not be followed here.

The motion to apply the proceeds upon the mortgages in preference to the wages of 1885 is overruled, and an order will be entered directing that the wages and other maritime liens be paid in full out of the proceeds before anything is applied on the mortgages.