## THE H. N. EMILIE.

REDMEYER et al. v. THE H. N. EMILIE (LA CHANCE, Intervener).

(District Court, D. Minnesota, Fifth Division. November 20, 1895.)

1. ADMIRALTY PRACTICE—LIBELS IN REM—INTERVENTION BY MORTGAGEE.
    A mortgagee of a vessel may intervene in a suit in rem, for the purpose of resisting liens sought to be established by libelants.

2. MARITIME LIENS—STATE STATUTES—SUPPLIES IN HOME PORT.
    Liens given by state statutes for supplies furnished in the home port may be enforced in the federal courts, and are entitled to priority over a previously recorded mortgage; but they are subject to the conditions imposed by the state statute, and must be enforced within the statutory limit of time.

3. SAME—LACHES.
    Liens for wages accruing subsequently to a recorded mortgage have priority; and, where the mortgagor has control of the vessel, the rule of laches will not be as rigidly enforced as when subsequent rights have intervened. No fixed period of time will be established as an inflexible rule for the determination of laches, but every case must depend upon its peculiar equitable circumstances.

John Jenswold, Jr., for libelants.
Spencer & Hollemback, for intervener.

NELSON, District Judge. On March 29, 1895, Hedley E. Redmeyer filed a libel against the schooner H. N. Emilie for work done and performed on that boat between August 1, 1891, and June 3, 1892, in a home port, and for wages on different occasions, as mate and seaman thereon, from June 4, 1892, to November, 1894. On April 30, 1895, Erick Erickson filed a libel against the same boat for wages earned thereon in August, 1892, and June, 1893. Whereupon Eugene La Chance intervenes, resisting the libels, and asks that a judgment obtained by him, duly docketed in St. Louis county, Minn., April 11, 1895, for $496.77, on a mortgage given to him by Henry J. Redmeyer, the owner of the boat, March 11, 1892, and duly recorded in the office of the collector of customs of the port of Duluth, Minn., be declared a lien and charge upon said schooner superior to the libels, and asks a decree accordingly.

There can be no question as to the right of La Chance to intervene as a claimant in this manner. Schuchardt v. Babbidge, 19 How. 239. He seeks to defeat these libels on the grounds that the sums claimed for work done and performed on the boat cannot now be recovered, because the action was not commenced within a year after it accrued; and, also, that the amounts claimed for wages are stale claims, and, not having been enforced within a reasonable time, the liens are thereby lost. The rule is well settled that a lien for supplies furnished in a home port, given by a state statute, can be enforced in rem in the United States district court (The Menominie, 36 Fed. 197), and that it has priority over a previously recorded mortgage on the vessel (Clyde v. Transportation Co., 36

Fed. 501; The Madrid, 40 Fed. 678); but it is also true that, where a lien is sought to be established by virtue of a state statute, it is subject to the conditions imposed by that statute (The Edith, 94 U. S. 518; The Menominie, supra). Section 23, c. 83, Rev. St. Minn. 1878 (section 6107, Rev. St. 1894), reads as follows: "All actions against a boat or vessel, under the provisions of this chapter, shall be commenced within one year after the cause of action accrues." It appears that more than that time has elapsed since the last work was done on the boat, and therefore this claim cannot now be enforced.

The claims of Redmeyer for wages are $70 from June 4 to August 4, 1892, $140 from July 25 to November 25, 1893, and $35 from November —— to December ——, 1894; while those of Erickson are for a month's wages, at $30, from August 1, 1892; and a like amount from June 1, 1893. In the cases cited by counsel for La Chance, rights of purchasers or others had intervened. In The Key City, 14 Wall. 660, the court says:

"Where the lien is to be enforced to the detriment of a purchaser for value, without notice of the lien, the defense will be held valid under shorter time, and a more rigid scrutiny of the circumstances of the delay, than when the claimant is the owner at the time the lien accrued."

See, also, The Harriet Ann, 6 Biss. 13, Fed. Cas. No. 6,101.

Here no rights have intervened, and, when the liens for seamen's wages attached, the vessel was under the management and control of the mortgagor.

The claims of Redmeyer for work and labor performed in 1891 and 1892 cannot be sustained, but the amounts for wages claimed by him and Erickson are prior liens to the mortgage of La Chance, and a decree will be entered accordingly, and for a sale of the boat, under proper notice.