## THE OCEAN VIEW.

District Court, D. Maryland. September 21, 1927.

No. 1421.

**1. Admiralty 15—Mortgage is not for admiralty jurisdiction, though on a ship.**

A mortgage, as such, has no maritime incidents, and is not a matter for admiralty jurisdiction, though on a ship.

**2. Shipping 30½—Mortgage not complying with Ship Mortgage Act 1920 is not "maritime lien" (Comp. St. §§ 8146¼jjj–8146¼rr).**

A mortgage on a ship, not in compliance with Ship Mortgage Act 1920 (Comp. St. §§ 8146¼jjj–8146¼rr), confers no "maritime lien," and has the status of a common-law lien, which is subsequent to all maritime claims.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Maritime Lien.]

In Admiralty. Suit by Edward Hamill against the steamer Ocean View. On exceptions to intervening libel of the Chamber of Commerce of Alexandria, Va. Exceptions sustained.

Henry L. Wortche, George Forbes, Griffin & Beatty, Emory, Beeuwkes & Skeen, John Henry Skeen, and J. Marsh Matthews, all of Baltimore, Md., for lien claimants.

J. Louis Raap, of Baltimore, Md., for mortgagee.

COLEMAN, District Judge. In this case the original libel was filed, asserting a lien for repairs and supplies furnished the steamer Ocean View subsequent to January 27, 1925. The vessel was seized and sold under admiralty process, and the fund in the registry amounts to approximately $7,000. The lien claims total approximately $9,000. The intervening libelant, the Chamber of Commerce of Alexandria, Va., a Virginia corporation, is the holder of a mortgage of $8,000 upon the steamer, dated January 27, 1925, and priority is claimed by virtue of this mortgage. It is admitted that the mortgage does not comply with the provisions of the Ship Mortgage Act of June 5, 1920 (41 Stat. 1000 [Comp. St. §§ 8146¼jjj–8146¼rr]), and the only question presented in this proceeding is what, if any, priority this mortgage is entitled to.

[1, 2] It is well settled that a mortgage, as generally understood, has no maritime incidents, and therefore is not a matter for admiralty jurisdiction, nor is it brought within such jurisdiction by the mere fact that it happens to be placed upon a ship. Bogart v. The John Jay, 17 How. 399, 15 L. Ed. 95; Schuchardt v. Babbidge, 19 How. 239, 15 L. Ed. 625. See, also, Benedict on Admiralty (5th Ed.) § 77. However, under the Act of June 5, 1920, a mortgage complying with the terms of that act is affected with maritime incidents and given priority as expressly provided therein; that is, the mortgage becomes a preferred one, and is subject to admiralty and maritime jurisdiction, entitling it to priority over all claims except "(1) preferred maritime liens, and (2) expenses and fees allowed and costs taxed by the court." Section 30, subsec. M (46 USCA § 953 [Comp. St. § 8146¼nnn]). Preferred maritime liens are further defined in the act.

Since the mortgage here under consideration does not comply with the act, it confers no maritime lien at all, and must take the status assigned to common-law liens, which are subsequent to all maritime claims. See Morse Dry Dock Co. v. The Northern Star, 271 U. S. 552, 46 S. Ct. 589, 70 L. Ed. 1082. In this case the Supreme Court has set at rest any question as to whether the provisions of the Ship Mortgage Act must be strictly complied with, saying at page 556 (46 S. Ct. 590): "The words of the statute seem to us too clear to be escaped. The mortgage is made preferred only upon compliance with all the conditions specified, one of which is indorsement, and a maritime lien is preferred, if it arises before the recording and indorsement of the mortgage. We see no room for construction, and there is nothing for the courts to do but to bow their heads and obey."

It further appearing to be admitted that the amount of valid maritime lien claims exceeds the amount of the funds in the registry of the court, it follows that there are no funds which would be applicable to the mortgage claim in its junior position.

The exceptions to the intervening libel are therefore sustained.