# WYNKOOP, HALLENBECK, CRAWFORD COMPANY v. GAINES.

## APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 689. Motion to dismiss submitted January 6, 1913.—Decided January 20, 1913.

Where the question whether the claim against the bankrupt be allowed or not has been settled by an order of the court, questions remaining as to how the order shall be carried out are purely administrative, and as they do not involve the rejection or allowance of a claim this court has no power under § 25b of the Bankruptcy Act to review the decision of the Circuit Court of Appeals.

Appeal from 196 Fed. Rep. 357, dismissed.

THE facts, which involve the jurisdiction of this court of appeals under § 25b of the Bankruptcy Act, are stated in the opinion.

*Mr. William Otis Badger, Jr., Mr. William H. Hotchkiss* and *Mr. Louis J. Wolff* for appellant.

The appeal is properly taken under § 25b (1) of the Bankruptcy Act, Judicial Code, § 252. The present proceeding is one in bankruptcy as distinguished from a controversy arising in bankruptcy proceedings. *Coder* v. *Arts*, 213 U. S. 223; *Hewitt* v. *Berlin Machine Works*, 194 U. S. 296; *Tefft, Weller & Co.* v. *Munsuri*, 222 U. S. 114.

By the filing of its petition the appellant instituted a proceeding in bankruptcy as to the appellee's claim under §§ 2, 7 and 57k of the Bankruptcy Act. *In re Mueller*, 135 Fed. Rep. 711.

All the subsequent steps in the proceeding were based directly upon this petition, and the decision appealed from is the final one upon such petition. It will be noted

that Gaines, upon his own appeal to the Circuit Court of Appeals, invoked the jurisdiction of that court first by taking an appeal from the decision of the District Court, procuring the allowance of the same, and filing his assignment of errors within the ten days allotted for that purpose and it was only at a later date, and seemingly as an afterthought, that his petition for review was filed.

No decision was ever made by the Circuit Court of Appeals as to whether the appeal or the petition to review was the proper method to reach that court. Both proceedings were taken by the appellee who was appellant in that court. Neither was the useless formality of a motion to dismiss resorted to, since in any event the controversy would have been adjudicated upon in the proper proceeding. *Fisher* v. *Cushman*, 103 Fed. Rep. 860; *In re Worcester County*, 102 Fed. Rep. 808; *Lockman* v. *Lang*, 132 Fed. Rep. 1; *In re Schoenfeld*, 183 Fed. Rep. 219.

Here the proceeding was directly to disallow the Gaines claim and his only proper method of invoking the jurisdiction of the Circuit Court of Appeals was by appeal under § 25 of the act. *Matter of Loving*, 224 U. S. 183.

The amount in controversy exceeds $2,000 within the definition of this requirement in *Gray* v. *Grand Forks Mercantile Co.*, 138 Fed. Rep. 344.

A Federal question is presented within § 709, Rev. Stat., since a construction of the Bankruptcy Act is involved and the decisions below cannot be sustained without reference to its provisions. *Fidelity Co.* v. *Bray*, 225 U. S. 205.

The appellee, in his brief, tacitly assumes that a Federal question is presented, since nothing is said upon this branch of the subject.

The fact that an incidental question of rank or priority of the claim may be included in this proceeding does not defeat the right of appeal. *Cunningham* v. *German Ins. Bank*, 103 Fed. Rep. 932.

*Mr. John J. Crawford* for appellee.

Memorandum opinion, by direction of the court, by
MR. CHIEF JUSTICE WHITE.

A corporation known as the Paris Modes Company was
adjudicated a bankrupt on March 28, 1910. Gaines, the
appellee, owned half of the stock of the company and was
its president. His relatives, during the active life of the
corporation, made large loans to the company. The claims
for these advances were assigned to Gaines shortly before
the bankruptcy, and he made proof of the same in the
bankruptcy proceeding. Subsequently the Wynkoop,
Hallenbeck, Crawford Company, the appellant, a creditor·
of the bankrupt estate which had proved its claim, filed
an intervening petition asking for the reëxamination
and disallowance as against it of the Gaines claim. The
ground for the relief prayed was that Gaines was equitably
estopped from collecting his claim against the bankrupt
estate to the prejudice of the petitioner because of mis-
representations and concealment of material facts as to
the financial condition of the bankrupt made by him as
an officer of the company, upon which the intervening com-
pany relied to its injury. The referee found that Gaines
had made the representations complained of and that
although intentional fraud on his part was not shown, yet
if he had been the owner and holder of the notes upon
which he had proved at the time of the making of the
statements they were of such a character as to cause him to
be equitably estopped from asserting the claims to the prej-
udice of the intervenor. As, however, it was found that
Gaines had no interest in the claims embraced in his proof
of debt at the time the representations were made by him,
because he had acquired the claims by assignments sub-
sequent thereto, the referee concluded that Gaines was
entitled to assert the rights of his assignors and was not

estopped as against the Wynkoop, Hallenbeck, Crawford Company. In reviewing the action of the referee the District Court disapproved the same, and, on June 22, 1911, directed that the claim of Gaines, in so far as it represented demands against the bankrupt which were in existence at the time the representations were made by Gaines, should be postponed to the claim of the intervenor. Neither party appealed from this order.

Thereafter, on August 3, 1911, the referee made an order that the dividend on the sum of $199,000 of the claim of Gaines, being the portion representing the indebtedness at the time of the misrepresentations, should be paid to the intervenor. On petition to review, this order was affirmed by the District Court. Gaines then carried the matter, by both appeal and petition for review, to the Circuit Court of Appeals, complaining of the mode of distribution which had been adopted to execute the decree of June 22, 1911. That the controversy was thus limited and that no issue was raised or contention made concerning the decree of June 22, 1911, itself, which had become final, is certain. Thus, in August, 1912, in announcing its decision, the Circuit Court of Appeals thus stated the controversy before it: "There is no occasion to go back of the order of June 22, 1911, or to inquire into its propriety. No appeal was taken or petition to review filed, and appellant here concedes that it lays down the rule for distribution in this case, and announces that he has no criticism to make as to the propriety of that rule. That is to say, although in his opinion the facts did not warrant the adoption of such a rule, he is willing to accept it and let the case be disposed of in conformity to its terms."

The court then considered whether the distribution ordered by the referee and approved by the District Court accorded with the order of June 22, 1911, and held that it did not, and directed distribution of $12,250, the

balance of dividends in the hands of the trustee, in accordance with views expressed in the opinion. 196 Fed. Rep. 357. The Wynkoop Company thereupon prosecuted this appeal, and a motion has been made to dismiss the same for want of jurisdiction.

That the motion to dismiss must be granted is manifest from the statement we have made. Whatever may have been the nature of the original controversy presented by the intervention of the Wynkoop Company, the acquiescence of both parties in the order of June 22, 1911, settled that controversy, and the questions remaining were purely administrative, concerning as they did merely the carrying out of the order according to its true intent and purpose. This being the case, the question whether the order of June 22, 1911, was correctly interpreted by the referee and the District Court in the distribution directed by the subsequent administrative order is not one concerning an allowance or rejection of a claim within § 25b of the Bankruptcy Act, but is a matter arising in the administration of the bankrupt estate, which we are not empowered to review.

*Appeal dismissed.*