## UNITED STATES *v.* RIZZO.

No. 272.   Argued January 9, 1936.—Decided March 9, 1936.

Mr. *Charles E. Wyzanski, Jr.,* with whom *Solicitor General Reed, Assistant Attorney General Morris,* and *Mr. George F. Foley* were on the brief, for the United States.

Mr. *Milton R. Kroopf,* with whom *Messrs. Louis Halle* and *Samuel I. Kessler* were on the brief, for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

In December, 1932, a cargo of alcohol was seized by Customs and Coast Guard officials acting together; and the United States filed, in the federal court for New Jersey, a libel in admiralty praying forfeiture for violation of the customs and navigation laws. Rizzo, as claimant, filed an answer. A decree of forfeiture was entered on the ground that the cargo was carried on a vessel employed in a trade other than that for which she was licensed. The Court of Appeals reversed, citing *United States* v. *Chambers,* 291 U. S. 217. While the Government's petition for

a rehearing, later denied, was pending, that court ordered, upon application by Rizzo for sale of the alcohol, that it be sold, "free and clear of all claims of any kind or character"; that the proceeds be deposited in the registry; and that they "be substituted in the place and stead of said 146,157 gallons of alcohol, and that all further proceedings herein shall be against said proceeds of sale."

The marshal sold the alcohol for $1.85 per wine gallon. In confirming the sale, the court ordered (1) that the alcohol be delivered to the purchaser free of all government taxes or tax liens and customs duties; (2) that it "shall be treated by the United States Government and any of its departments as tax paid, irrespective of the lack of any stamp or tax certificate affixed thereto on the respective containers in which said alcohol may be deposited or contained"; and (3) that the proceeds of sale be paid into the registry of the court. We denied a writ of certiorari, sought on the ground that the Circuit Court of Appeals lacked authority to include the provision regarding taxes in its order of confirmation. 294 U. S. 709.

Thereupon, the United States filed in the Circuit Court of Appeals a petition asking that the proceeds of the sale be paid into the Treasury of the United States in satisfaction of the lien for taxes due on the alcohol; made proof that the taxes exceeded the proceeds of the sale; and filed with the clerk notices of levy and warrant for distraint. The court ruled that the petition could not be entertained, because the Government had failed to raise the question of taxes when it filed its libel but had waited until after denial of certiorari to seek such relief. Accordingly, the Court directed that the proceeds be paid to the claimant or his assigns.[1] To review this order we granted certiorari, a misconstruction of the statutes

---

[1] Rizzo had filed with the clerk notices of assignment of the proceeds in amounts aggregating nearly the whole of the deposit.

concerning tax liens and a departure from the usual course of proceedings being charged.

*First.* Rizzo does not attempt here to support the order on the ground stated by the Court of Appeals. Nor could he well do so. The claim for taxes, being non-maritime, could not have been set forth in the libel. Compare *The Steamboat Orleans* v. *Phoebus,* 11 Pet. 175, 182. To defer presenting the claims for taxes until after the final decree adjudicating the right to the property was not dilatory conduct. Obviously, there would have been no occasion to proceed against the property for collection of the tax if the alcohol had been declared forfeit to the United States.

*Second.* Rizzo contends that the tax sought to be recovered is a penalty imposed for violation of the National Prohibition Act; hence uncollectible, because of the repeal of the Eighteenth Amendment. *United States* v. *Chambers,* 291 U. S. 217. But this tax is not a penalty. It is the basic tax upon distilled spirits irrespective of their legal or illegal origin. *United States* v. *One Ford Coupe,* 272 U. S. 321, 328; *Various Items of Personal Property* v. *United States,* 282 U. S. 577, 579. A lien attaches to alcohol "as soon as it is in existence as such" and continues until the tax is paid. Rev. Stat. §§ 3248, 3251; *Thompson* v. *United States,* 142 U. S. 471, 474. That lien is valid against all transferees, without assessment, distraint or other administrative proceedings. *Alkan* v. *Bean,* 1 Fed. Cas. No. 202, p. 418; *United States* v. *Turner,* 28 Fed. Cas. No. 16,548, p. 232.

Rizzo objects here that the alcohol does not appear to have been of domestic manufacture. His answer in the District Court stated that it was not imported; and there is no showing that it was. As the alcohol was subject to the tax, the burden rested upon him to prove payment. Rev. Stat. § 3333, as amended. No evidence to that effect was introduced. The contrary was established.

*Third.* Rizzo contends that the United States is estopped from collecting the tax, because it elected to seek forfeiture for violation of the National Prohibition Act. But the Government made no such attempt. The libel sought forfeiture on four grounds. Three of them were for violation of provisions in the Tariff Act of 1930, June 17, 1930, c. 497, 46 Stat. 590. The fourth was for violation of the navigation laws. Rev. Stat. § 4377. The District Court decreed forfeiture on the fourth ground, without passing on the other three. The petition presented to the Circuit Court of Appeals has no relation to navigation or customs laws. It states a claim based solely upon the internal revenue laws. The present proceeding is thus founded on a right distinct from, and entirely consistent with, the rights theretofore asserted. Compare *United States* v. *One Ford Coupe,* 272 U. S. 321, 327, 333–334. No reference was made in the libel, and no evidence was introduced in the District Court, with respect to the tax due upon the domestic production of alcohol. There is no basis for the contention that the United States is estopped by an election of remedies. Compare *Southern Pacific Co.* v. *Bogert,* 250 U. S. 483, 490–491.

*Fourth.* Rizzo contends that the United States is also barred because its counsel agreed, when the terms of sale were framed, that the proceeds should be answerable only to the causes of forfeiture set forth in the libel and that any tax lien should be waived. There was no such agreement. The notice of the "terms and conditions under which the sale will be conducted" (to which counsel for the Government is alleged to have consented) recited: "3. The cargo of alcohol which is being sold is to be sold free and clear of all claims of any kind or character." The order of sale had provided that "all further proceedings herein shall be against said proceeds of sale." Thus it was in the common form authorized by Admiralty Rule 40, which is interpreted as transferring all existing liens

from property to proceeds. Compare *The Lottawanna,* 20 Wall. 201, 211, 221; *Schuchardt* v. *Ship Angelique,* 19 How. 239, 241. Since counsel did not agree to waive the tax lien on the proceeds, and since the Court of Appeals made no finding of such a waiver, we need not consider whether a United States Attorney had authority to waive the Government's right. Compare *Utah* v. *United States,* 284 U. S. 534, 545–546.

*Fifth.* Rizzo contends that the Circuit Court of Appeals sitting in admiralty lacks jurisdiction to enforce the lien for taxes. The argument is that collection of internal revenue taxes must be effected in accordance with prescribed statutory methods; and that the Act of February 26, 1926, c. 27, § 1115, 44 Stat. 117, and Rev. Stat. § 838 provide specifically for collection by the Collector of Internal Revenue through proceedings specified. But compare Rev. Stat. § 3213. The order of the appellate court confirming the sale deprived the Government of two of the statutory methods. First, the right to forfeit the alcohol even after it had been transferred to a bona fide purchaser while in a container not properly stamped, Act of January 11, 1934, c. 1, Title II, § 206, 48 Stat. 317. Second, the right to collect the taxes from the purchaser under the court's order, Rev. Stat. § 3334, as amended by Act of March 1, 1879, c. 125, § 5, 20 Stat. 340. But in ordering sale of the alcohol free of liens, the Court of Appeals in effect provided, in accord with the common practice, that existing liens should attach to the proceeds. Compare *Terre Haute & L. Ry.* v. *Harrison,* 96 Fed. 907, 911. These being *in custodia legis,* it was proper to petition that they be applied towards satisfaction of the tax. Compare *Marshall* v. *New York,* 254 U. S. 380, 384–385; *In re Tyler,* 149 U. S. 164, 182–183, 187. The practice prevails in admiralty as in other courts. In *Schuchardt* v. *Ship Angelique,* 19 How. 239, 241, where proceeds of the sale of a mortgaged ship had been paid into the registry,

the Court, refusing to entertain a "libel simply to foreclose a mortgage, or to enforce the payment of a mortgage," said: "As the fund is in the custody of the admiralty, the application must necessarily be made to that court by any person setting up an interest in it. This application by petition is frequently entertained for proceeds in the registry, in cases where a suit in the admiralty would be wholly inadmissible." Admiralty Rule 42; compare *The Lottawanna,* 21 Wall. 558, 582–583; *The J. E. Rumbell,* 148 U. S. 1, 15. The practice prevails in appellate courts as well as in courts of original jurisdiction. Compare *In re Antigo Screen Door Co.,* 123 Fed. 249, 251–252.

*Sixth.* Finally, Rizzo contends that this Court lacks jurisdiction because the order appealed from does no more than carry out another order not here for review. This is not true. The United States seeks to enforce against property in the possession of the Circuit Court of Appeals a right which had not theretofore been litigated, and which was not barred by earlier proceedings. If the Government had been a stranger to the litigation it would have been entitled to intervene; compare *Savannah* v. *Jesup,* 106 U. S. 563, 564–565; *Krippendorf* v. *Hyde,* 110 U. S. 276, 282–283; *Gumbel* v. *Pitkin,* 113 U. S. 545, 547–548; 124 U. S. 131; and a denial of intervention would have been reviewable as a final judgment; compare *Central Trust Co.* v. *Grant Locomotive Works,* 135 U. S. 207, 224–225; *Credits Commutation Co.* v. *United States,* 177 U. S. 311, 315–316; *Clark* v. *Williard,* 292 U. S. 112, 117–119. Its right to have the new issue adjudicated is not to be denied because it was already a party to the suit. Compare *In the Matters of Howard,* 9 Wall. 175, 183. The cases which hold that merely administrative proceedings under a decree may not be brought here for review have no application. See *Wynkoop, H., C. Co.* v. *Gaines,* 227 U. S. 4. Compare *Collins*

v. *Miller*, 252 U. S. 364, 370–371; *Farmers' Loan & Trust Co., Petitioner*, 129 U. S. 206.

The order is reversed with direction to the Circuit Court of Appeals to pay to the United States the proceeds of the sale now in the registry after deducting the usual court charges.

*Reversed.*