Edward & John Burke, Ltd. *v.* United States (No. 4000)[1]

United States Court of Customs and Patent Appeals, January 25, 1937

*B. A. Levett* for appellant.

*Joseph R. Jackson*, Assistant Attorney General (*Richard E. FitzGibbon* and *James F. Donnelly*, special attorneys, of counsel), for the United States.

[Oral argument December 7, 1936, by Mr. Levett and Mr. FitzGibbon]

Before Graham, Presiding Judge, and Bland, Hatfield, Garrett, and Lenroot, Associate Judges

Bland, Judge, delivered the opinion of the court:

Three hundred sixty cases of cognac were, by the importer, entered at the port of New York on December 13, 1934, and assessed with duty

[1] T. D. 48805.

under the provisions of paragraph 802 of the Tariff Act of 1930 at the rate of $5 per proof gallon. No question is raised as to the legality of this assessment, but the importer protested against a duty of $2 per proof gallon, levied under the provisions of paragraph 4 of section 2 of the Liquor Taxing Act of 1934, which was in addition to the aforesaid $5 per proof gallon duty.

The cause was submitted to the United States Customs Court upon the report of the collector, and the Third Division of that court overruled the protest upon the authority of its decision in *Park & Tilford Import Corp.* v. *United States*, T. D. 47962, 68 Treas. Dec. 506, which case involved the identical issue as is presented herein.

From the judgment of said court, importer has appealed to this court.

The Liquor Taxing Act of 1934 amended subsection (a) of section 600 of the Revenue Act of 1918 (as amended by section 900 of the Revenue Act of 1926).

The pertinent provisions of the three acts above referred to read as follows:

[Sec. 600 (a), Revenue Act of 1918; 40 Stat. 1105]

SEC. 600. (a) That there shall be levied and collected on all distilled spirits now in bond or that have been or that may be hereafter produced in or imported into the United States, except such distilled spirits as are subject to the tax provided in section 604, in lieu of the internal-revenue taxes now imposed thereon by law, a tax of $2.20 (or, if withdrawn for beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage, a tax of $6.40) on each proof gallon, or wine gallon when below proof, and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon, to be paid by the distiller or importer when withdrawn, and collected under the provisions of existing law.

[Sec. 900, Revenue Act of 1926; 44 Stat. 104]

SEC. 900. Subdivision (a) of section 600 of the Revenue Act of 1918, as amended, is amended to read as follows:

"SEC. 600. (a) There shall be levied and collected on all distilled spirits now in bond or that have been or that may be hereafter produced in or imported into the United States, in lieu of the internal-revenue taxes now imposed thereon by law, an internal-revenue tax at the following rates, to be paid by the distiller or importer when withdrawn, and collected under the provisions of existing law:

\*    \*    \*    \*    \*    \*    \*

"(3) On and after January 1, 1928, $1.10 on each proof gallon or wine gallon when below proof and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon.

"(4) On and after the enactment of the Revenue Act of 1926, on all distilled spirits which are diverted to beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage there shall be levied and collected a tax of $6.40 on each proof gallon or wine gallon when below proof, and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon, to be paid by the person responsible for such diversion. If a tax at the rate of $2.20, $1.65, or $1.10 per proof or wine gallon has been paid upon such distilled spirits a credit of the tax so paid shall be allowed in computing the tax imposed by this paragraph."

\*    \*    \*    \*    \*    \*    \*

[Sections 1 and 2, Liquor Taxing Act of 1934; 48 Stat. 313]

SECTION 1. This Act may be cited as the "Liquor Taxing Act of 1934."

SEC. 2. Paragraphs (3) and (4) of subdivision (a) of section 600 of the Revenue Act of 1918, as amended (relating to the tax on distilled spirits generally and the tax on distilled spirits diverted for beverage purposes) * * * are amended to read as follows:

"(3) On and after January 1, 1928, and until the effective date of Title I of the Liquor Taxing Act of 1934, $1.10 on each proof gallon or wine gallon when below proof and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon; and

"(4) *On and after the effective date of Title I of the Liquor Taxing Act of 1934, $2.00 on each proof gallon* or wine gallon when below proof and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon." [Italics ours.]

The effective date of title I of the Liquor Taxing Act of 1934 was January 12, 1934. As before stated, the instant importation occurred on December 13, 1934. Therefore, the rate of $2 per proof gallon, as provided for in section 2 (4) of said act, is the only applicable taxing provision in controversy.

In support of its contention that the said tax of $2 per proof gallon, levied under the Liquor Taxing Act of 1934, was unwarranted and that the judgment of the trial court should be reversed, appellant argues that, as originally passed, the Revenue Act of 1918 did not contain any separate paragraphs (3) and (4), and that in said Revenue Act of 1926, section 600 (a) of the Revenue Act of 1918, which also had been amended by the Revenue Act of 1921, was so amended as to include paragraphs (3) and (4); that paragraph (4), relating to a tax of $6.40 on each proof gallon, or wine gallon when below proof, of distilled spirits, was enacted at a time when it was not lawful to divert for beverage purposes such spirits, and that, therefore, the provisions of said paragraph (4) were in the nature of a penalty; that when the Eighteenth Amendment to the Constitution, which had become effective in 1920, went out of existence by virtue of the Twenty-first Amendment to the Constitution, which became effective on December 5, 1933, all penalty provisions of law enacted in view of the Eighteenth Amendment fell, citing *United States* v. *Yuginovich et al.*, 256 U. S. 450, and *United States* v. *Chambers et al.*, 291 U. S. 217; that, therefore, there was no paragraph (4) of any pertinent law which could be amended by the Liquor Taxing Act of 1934; that the attempt of Congress so to amend such act resulted in a nullity; and that, therefore, there is no authority for the assessment of said $2 tax referred to in paragraph (4) of section 2 of the Liquor Taxing Act of 1934. Appellant does not contend that the $2 tax, levied on its merchandise, is a penalty or that it was ever intended as a penalty, but states:

The entire controversy then simply hinges upon the questions (1) as to whether the tax of $6.40 provided for in Sec. 600 (a) of the Act of 1918 was a penalty; (2) whether if a penalty the section fell with the ratification of the

twenty-first amendment; and (3) whether if Sec. 600 did fall at that time an amendment to an obsolete statute can have the force of law.

That it was a penalty, we submit, is clearly shown.

The Government contends that:

Since the basic tax of $1.10 per proof gallon fixed by Section 900 (a) (3) of the Revenue Act of 1926 remained in force after the ratification of the Twenty-first Amendment it could be validly amended at any time by Congress.

Counsel for the Government argue that it is immaterial as to whether or not the said tax of $6.40 per gallon upon distilled spirits, diverted for beverage purposes, was or was not in the nature of a penalty.

No one in this case contends that the provision of said section 600 (a) (3), as amended, which provides for $1.10 per gallon is in the nature of a penalty. While certain statements in appellant's brief may indicate that its position is that said paragraph (3) fell with the ratification of the Twenty-first Amendment, this contention is not stressed, but the following quoted statement seems to be the real position relied upon:

* * * Appellant's contention is that the Liquor Taxing Act of 1934 is an amendment to Sec. 600 of the Revenue Act of 1918 and that as Par. 4 of Sec. 600 of the Revenue Act of 1918 was a penal statute against the importation of spirituous liquors, that paragraph fell because of this penalty when the twenty-first amendment to the Constitution was ratified; that this being so there was no statute in operation when the Act of 1934 was passed and therefore as Sec. 2 was proposed as an amendment to an Act that no longer existed, it can have no force whatever. * * *

The importer has quoted in its supplemental brief from 59 Corpus Juris 852 the following: "In a number of jurisdictions the rule seems to be well settled that a statute which has been repealed in toto cannot be amended." A number of decisions of state courts support this statement. In view of our conclusion, it is not necessary for us to determine whether or not the above-quoted statement is in harmony with the weight of authority on the subject, since it is our view that paragraph (3) of section 600 (a) of the Revenue Act of 1918, as amended, was still in existence, and in full force and effect, and was a proper subject matter for amendment by the Liquor Taxing Act of 1934. It cannot be logically argued that the Liquor Taxing Act of 1934 abrogated or repealed all of subsection (a) of section 600. Paragraph (3) thereof, which provided $1.10 tax per gallon on distilled spirits, remained in full force and effect and was not penal in character.

Thus, we have a situation where Congress has undertaken, first, to amend an act by leaving a part of it intact, except by providing that it should go out of existence upon the effective date of the amending statute, and, second, by amendment, to add a fourth paragraph which we may regard as being directed to a new subject matter (see

*United States* v. *Rizzo*, 297 U. S. 530) and which, by its terms, increases the tax from $1.10 to $2 after the effective date of the amending act.

Under the circumstances above enumerated, we are of the opinion that Congress, in passing the Liquor Taxing Act of 1934, amended section 600 (a) of the Revenue Act of 1918, as amended, a non-penal provision of which, at the time of the amendment, was valid and in full force; that at the time of passing the Liquor Taxing Act of 1934, Congress unquestionably had the right to provide by one paragraph, which it numbered (3), for a basic tax of $1.10 which was to continue until the effective date of title I of the Liquor Taxing Act of 1934, and by an additional paragraph, which it numbered (4), to increase that tax to $2, beginning with the effective date of the act.

It is unnecessary to discuss here the effect of the Food Control Act, 40 Stat. 276, and the War Prohibition Act, 40 Stat. 1045. This has been well discussed at length in the opinion by the trial court in *Park & Tilford Import Corp.* v. *United States, supra.* That Congress has the right to tax that which it also forbids is settled by a number of decisions of the Supreme Court of the United States, among them being the case of *United States* v. *Yuginovich et al., supra,* where the court said:

> That Congress may, under the broad authority of the taxing power tax intoxicating liquors notwithstanding their production is prohibited and punished, we have no question. The fact that the statute in this aspect had a moral end in view as well as the raising of revenue, presents no valid constitutional objection to its enactment. * * *

Our conclusions as to what Congress attempted to do and did do by the Liquor Taxing Act of 1934, in the way of amending the said Revenue Act of 1918, as amended, are abundantly supported by a consideration of the report submitted by the chairman of the Committee on Ways and Means, which was made to the House of Representatives to accompany H. R. 6131 (which became the Liquor Taxing Act of 1934). We quote:

#### GENERAL SCOPE OF THE BILL

The bill deals with rates of tax on intoxicating liquors. In the opinion of your committee, the rates proposed in the bill will return the maximum amount of revenue without incurring the danger of perpetuating illegal liquor traffic by excessive rates. Your committee recognizes that the existing laws imposing liquor taxes are voluminous and complicated and hopes in the near future to report a bill which will simplify and improve these old statutes. At the present time, however, it is of supreme importance to provide for additional revenue, and, therefore, the bill now reported deals with the rates by which such additional revenue, amounting to approximately one half of a million dollars per day, may be secured. The purposes of the bill are accomplished by amendments to existing law, which may be described as follows:

#### DESCRIPTION OF BILL

SECTION 1: This section gives to the bill the title of "Liquor Taxing Act of 1934", for purposes of citation.

SECTION 2: *This section amends existing law so that the rate of tax on distilled spirits will be $2 per proof gallon, or per wine gallon when below proof. The existing rate is $1.10 per gallon. The amendment is so worded that the $6.40 rate imposed by the Revenue Act of 1918 on distilled spirits diverted to beverage purposes is repealed. The Treasury Department has ruled that this rate is not now effective, but it is repealed as a precautionary measure.* [Italics ours.]

It will be noticed in the above quotation from the report that although Congress had been informed that the rate of $6.40 which had been provided for in paragraph (4) of section 600 (a) of the Revenue Act of 1918, as amended, was not then effective, it was, nevertheless, repealing the same as a precautionary measure. This certainly evinces an intent of repealing the old paragraph as a precautionary measure and of substituting a new paragraph on a wholly different subject matter. When the bill was reported to the Senate, the report submitted by the Chairman of the Committee of Finance contained as a part thereof a copy of said report of the Committee on Ways and Means.

It is, therefore, our view that the provision in the Liquor Taxing Act of 1934, providing for a $2 tax per proof gallon, or wine gallon when below proof, on distilled spirits, in bond or produced or imported into the United States, was valid and in full force and effect at the time of the instant importation, and that the collector properly assessed appellant's merchandise at the rate of $2 per gallon, against which assessment appellant's protest was lodged.

The judgment of the United States Customs Court is *affirmed.*