## ROTHENSIES v. LICHTENSTEIN et al.
### No. 6371.

Circuit Court of Appeals, Third Circuit.
July 28, 1937.

J. Cullen Ganey, Act'g U. S. Atty., of Bethlehem, Pa., and Thomas J. Curtin, Asst. U. S. Atty., of Philadelphia, Pa. (Julian R. Eagle, of Philadelphia, Pa., and Blair M. Ilderton, of Washington, D. C., of counsel), for appellant.

Patrick J. Friel, of Philadephia, Pa., for appellees.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

BIGGS, Circuit Judge.

A jeopardy assessment was entered upon March 20, 1936, by the Commissioner of Internal Revenue against Charles Lichtenstein and Robert Diskan, trading as Franklin Automotive Distributing Company, the appellees, in the sum of $38,574.36. The learned district judge found that the sum of the assessment represented the distilled spirits tax on 19,287.18 proof gallons of

alcohol bought and then sold by the appellees to certain persons who with them were engaged in a conspiracy to denature "anti-freeze" solution and divert it to beverage purposes in fraud of the revenue laws of the United States. The appellees sold the anti-freeze solution without keeping any records of its receipt, storage, and disposition as required by regulations of the Treasury Department. The collector of Internal Revenue, on March 21, 1936, served a first and second notice of demand and a warrant of distraint upon the appellees, seizing their property upon the premises operated under the name of Franklin Automotive Distributing Company. Immediately upon the making of the distraint, the appellees filed their bill of complaint in the court below seeking to enjoin the collection of the tax. The appellant moved to dismiss the bill upon the ground that the respondent was prohibited by section 3224 of the Revised Statutes (26 U.S.C.A. § 1543) from restraining the assessment or collection of the alleged tax. This motion was refused by the court below which granted a temporary restraining order, and, after hearing, perpetually enjoined the collection of the sum assessed. From this decree, the collector of Internal Revenue appeals.

The question presented is a narrow one. It is the contention of the appellees that section 4, title 1, of the *Liquor Law Repeal and Enforcement Act* (27 U.S.C.A. § 153), under which the distilled spirits tax was assessed, exacts a penalty and is not a true tax because it becomes operative only upon violation of laws or regulations of the Treasury Department.

Section 1322, 26 U.S.C. (26 U.S.C.A. § 1322), provides that it is illegal to divert denatured alcohol. Sections 1440, 1441, 26 U.S.C. (26 U.S.C.A. §§ 1440, 1441), by their provisions make it illegal to have in custody or possession any goods or merchandise, which are subject to a tax, for the purpose of selling them in fraud of the revenue, or concealing them with the intent to deprive the United States of any tax.

The Commissioner of Internal Revenue is empowered upon proper evidence himself to reach the conclusion that these laws have been violated, and if he so concludes, he is authorized by law to impose the tax pursuant to the provisions of title 1, section 4, of the Liquor Repeal and Enforcement Act (27 U.S.C.A. § 153). Obviously, the Commissioner must act upon evidence, but that he has not acted capriciously or arbitrarily in the case at bar is abundantly proved by the findings of fact of the court below.

The gist of the appellees' contention is that though the Congress possesses power to tax denatured alcohol possessed for the purpose of selling it in fraud of the revenue or actually sold with that end in view, nonetheless that tax must be assessed within the constitutional frame. The appellees contend that the Commissioner, constituting himself "accusor, prosecutor, judge and jury," has found them guilty of a fraud upon the revenue and thereafter proceeded to make the jeopardy assessment and issue the warrant of distraint, all in violation of the appellees' constitutional rights. If we are to support this contention, we must find that the sum assessed by the Commissioner properly could have been assessed by him only after conviction of the appellees upon an indictment charging a violation of the internal revenue laws of the United States. In support of their contention, the appellees rely upon Lipke v. Lederer, 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1061, and United States v. La Franca, 282 U.S. 568, 51 S.Ct. 278, 75 L.Ed. 551. We have carefully examined these authorities and deem the principles enunciated therein to be inapplicable to the facts of the case at bar. In each of the cases cited there was an exaction which purported to be a tax but by its very terms was a penalty in that the sum of the ordinary tax was doubled and an additional sum expressly described as "an additional penalty" was added. In the case at bar the exaction is plainly a tax and not a penalty. Denatured alcohol possessed or sold for the unlawful purpose of diversion is subject to the exact rate of tax that all distilled spirits produced in or imported into the United States are subject to. If denatured alcohol be illegally held, without unlawful purpose to divert it, then it is free from tax. If on the contrary it be held for the purpose of using it in fraud of the revenue, then it is taxable precisely as are all other distilled spirits.

In Jacoby et al. v. Hoey, Collector (C.C.A.) 86 F.(2d) 108, 109, certiorari denied 299 U.S. 613, 57 S.Ct. 315, 81 L.Ed. ——, the Circuit Court of Appeals for the Second Circuit passed upon a state of facts very similar to those presented here. In delivering the opinion of the court, Judge Manton stated:

"The appellant was dealing with a commodity which would remain tax free only so long as it was used as prescribed by law.

The statutes quoted, however, are applicable to persons dealing with denatured alcohol and form the basis for converting the non-taxable status of the user of the alcohol into a taxable status upon violation thereof. It is illegal to divert denatured alcohol. 26 U.S.C. § 1322 (26 U.S.C.A. § 1322). It is illegal to have in one's possession an article subject to a tax for the purpose of selling the same in fraud of the internal revenue laws or with a design to evade taxes imposed thereon. 26 U.S.C. §§ 1440, 1441 (26 U.S.C.A. §§ 1440, 1441). At any time upon evidence, the Commissioner may conclude that there has been a violation of any of these provisions of law and he may impose a tax under title 1, section 4, of the Liquor Repeal and Enforcement Act (27 U.S.C.A. § 153). The Commissioner is therein empowered to determine the taxable status of persons handling denatured alcohol. His right to do so may not be restrained by a suit to enjoin the collection of the tax so assessed, provided that he does not act arbitrarily or capriciously."

In this statement of the law we concur. The right of the appellees lay in a suit for refund and not in a bill for injunction. Snyder v. Marks, 109 U.S. 189, 3 S.Ct. 157, 27 L.Ed. 901; Cheatham v. United States, 92 U.S. 85, 88, 23 L.Ed. 561; Pullan v. Kinsinger, Fed.Cas.No. 11,463, 2 Abb.U.S. 94.

The judgment of the court below is reversed, the decree of injunction will be dissolved, and the bill of complaint dismissed.