**LARSON, Collector of Internal Revenue, v. HOUSE et al.**

No. 9484.

Circuit Court of Appeals, Fifth Circuit.

June 24, 1940.

S. Dee Hanson and Sewall Key, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., H. S. Phillips, U. S. Atty., of Tampa, Fla., and Harry G. Taylor, Sp. Asst. to U. S. Atty., of Miami, Fla., for appellant.

Bart A. Riley and Stanley S. Phillips, both of Miami, Fla., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

On January 31, 1934, appellees were notified they owed taxes on distilled spirits, which, with penalties and interest, amounted to about $2,259; that warrants for distraint had been issued; and that unless the taxes were paid by February 10, 1934, the distraint warrants would be executed. Payment was not made and tax liens were recorded.

Previously thereto, on May 10, 1933, appellees had been acquitted on an indictment charging them with a conspiracy to violate the liquor laws, by unlawfully importing liquor.

Appellees filed a bill against the collector, alleging the above stated facts, seeking to enjoin the collection of the taxes and to cancel the liens. The collector answered, praying that the suit be dismissed. The District Court held that the government was concluded by the verdict of not guilty and entered judgment cancelling the tax liens and enjoining collection of the taxes.

There is no doubt the assessments against appellees were for taxes, United States v. Rizzo, 297 U.S. 530, 56 S.Ct. 580, 80 L.Ed. 844; and not merely for penalties, as was the case in Lipke v. Lederer, 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1061. Section 3224, R.S., 26 U.S.C.A.Int.Rev.Code, § 3653, provides: "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." Furthermore, appellees have a plain and adequate remedy at law by paying the taxes and, if refund is denied, suing the collector to recover them.

The District Court was without jurisdiction to consider the case and enter the judgment. We express no opinion as to the effect of the verdict of acquittal. The record in that case is not before us and, if it

has merit, the point may be urged in a suit at law to recover the taxes paid.

The judgment is reversed and the cause remanded with instructions to dismiss the suit.