**BURKE, Collector of Internal Revenue, v. MINGORI et al.**

No. 2472.

Circuit Court of Appeals, Tenth Circuit.
June 18, 1942.

Warren F. Wattles, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and. Newton K. Fox, Sp. Assts. to Atty. Gen., and Summerfield S. Alexander, U. S. Atty., of Topeka, Kan., on the brief), for appellant.

Jeff A. Robertson, of Topeka, Kan. (J. P. Gendusa, of Pittsburg, Kan., on the brief), for appellees.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

The Commissioner of Internal Revenue assessed against Quincy Mingori and wife Ila Mingori, residents of Crawford County, Kansas, a tax on distilled spirits. The Collector of Internal Revenue for the District of Kansas gave written notice of the assessment and demanded payment of the tax, and in due time a notice of tax lien was filed in the office of the Register of Deeds of the county. Mingori and wife then instituted this action to enjoin the Collector from taking any steps by distraint or otherwise to enforce the collection of the tax and penalties. It was alleged in the complaint that complainant Quincy Mingori operated a retail tea and coffee route until a specified date; that he then established and began operating a retail lumber business and at the time of the institution of the suit was manager of such business; that complainant Ila Mingori was a housewife; that neither of them had ever been proprietor, possessor, or in any manner connected with or interested in the use of any still, distillery, or distilling apparatus, and had not produced or imported intoxicating liquors; that they were not liquor dealers subject to tax as such; that they had never been accused, arrested or convicted of any offense against the Internal Revenue laws; that the assessment was made arbitrarily, capriciously, and without notice; that complainants were not possessed of any property of substantial value and were without funds with which to pay the assess-

ment and penalties; and that unless the Collector was restrained from selling their property or interfering with them in its use, they would suffer financial ruin for which they had no plain, complete and adequate remedy at law. A temporary restraining order was entered; after final hearing, findings of fact were made which followed closely the allegations contained in the complaint; judgment was entered permanently enjoining the collection of the tax; and the Collector appealed.

■ Section 3224, Revised Statutes, enacted in 1867, provides that no suit to restrain the assessment or collection of any tax shall be maintained in any court; and, with certain exceptions which have no application here, section 3653(a) of the Internal Revenue Code of 1939, 53 Stat. 446, 26 U.S.C.A. Int.Rev.Code § 3653(a), is identical in language. These enactments forbid in sweeping language the issuance of an injunction to restrain the collection of a tax which is assessed under color of office and without arbitrary or capricious action. They do not prevent the granting of relief by way of injunction where an assessment in the form of a tax is in reality a penalty in the nature of punishment. Lipke v. Lederer, 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1001; Regal Drug Corporation v. Wardell, 260 U.S. 386, 43 S. Ct. 152, 67 L.Ed. 318. Neither do they withhold jurisdiction to restrain the collection of an asserted tax in certain exceptional cases where extraordinary circumstances are present. Miller v. Standard Nut Margarine Co. of Florida, 284 U. S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Allen v. Regents of University System of Georgia, 304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448.

■ But the tax here in question is not in substance a penalty in the nature of punishment. It is a basic production tax. United States v. One Ford Coupé Automobile, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025; Various Items of Personal Property v. United States, 282 U.S. 577, 51 S.Ct. 282, 75 L.Ed. 558; United States v. Rizzo, 297 U.S. 530, 56 S.Ct. 580, 80 L.Ed. 844. And the additions for failure to make return and for failure to pay the tax are civil incidents of the assessment and collection, not penalties in the nature of punishment. Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917.

■ Neither are extraordinary circumstances present. It is a case of complainants resisting a tax which they contend they do not owe. Investigators of the Alcohol Tax Unit made an investigation into the question whether complainants had been interested with others in the manufacture of distilled spirits, and the assessment was based upon information obtained in that manner. In other words, the Commissioner determined that they had been interested in the manufacture of such spirits. They deny any such interest and therefore assert that they are not liable for the tax. It may be that they did not have the interest and hence are not liable for the tax. But that issue of fact is subject to judicial determination only in a suit for refund. It cannot be adjudicated in an action to enjoin the Collector from collecting the tax. Snyder v. Marks, 109 U.S. 189, 3 S.Ct. 157, 27 L.Ed. 901; Dodge v. Osborn, 240 U.S. 118, 36 S.Ct. 275, 60 L.Ed. 557; Bailey v. George, 259 U.S. 16, 42 S.Ct. 419, 66 L.Ed. 816; Graham v. Du Pont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965; Fisher Flouring Mills Co. v. Vierhus, 9 Cir., 78 F.2d 889; Concentrate Mfg. Corporation v. Higgins, 2 Cir., 90 F.2d 439, certiorari denied, 302 U.S. 714, 58 S.Ct. 33, 85 L.Ed. 551; Rothensies v. Lichtenstein, 3 Cir., 91 F.2d 544; McMullin v. Sheehan, 8 Cir., 95 F.2d 129, certiorari denied 305 U.S. 607, 59 S.Ct. 67, 83 L.Ed. 386; Allen v. Shelton, 5 Cir., 96 F.2d 102, certiorari denied 305 U.S. 630, 59 S.Ct. 94, 83 L.Ed. 404; Larson v. House, 5 Cir., 112 F.2d 930; Ohio State Nurses' Ass'n v. Busey, 6 Cir., 120 F.2d 11; Kaus v. Huston, 8 Cir., 120 F.2d 183.

The judgment is reversed and the cause remanded with directions to dismiss the action.