## GREEN BROS., INC. v EVATT

Board of Tax Appeals

No. 3434. Decided July 16, 1942.

Cohen, Hurtig & Cohen, Cincinnati, for appellant.

Thomas J. Herbert, Attorney General, Columbus, and Perry L. Graham, Asst. Attorney General, Columbus, for appellee.

### ENTRY

This cause and matter came on to be heard before the Board of Tax Appeals upon certain appeals, two in number, filed by the appellant herein from tax assessments made by the Tax Commissioner for the years 1939 and 1940, respectively; in and by which assessments and assessment certificates issued thereon the Tax Commissioner increased the list or tax valuation of certain items of tangible personal property which the appellant as a taxpayer had returned for taxation in each of said years. Said appeals were heard together as one case under the docket number above noted, and were heard upon the errors assigned in said appeals, upon the tax returns filed by the appellant in each of said years and upon the other files of the Tax Commissioner relating to the assessments complained of, upon a stipulation of facts signed and filed by counsel for the parties in the case, and upon the arguments and briefs of counsel which were submitted to the Board.

The Board of Tax Appeals upon consideration thereof, finds that the appellant, a corporation with its principal office in the City of

Cincinnati, Ohio, duly filed its tax return for the year 1939 in which it set out the average true value of its manufacturing inventory at the sum of ·$12,461.54, and the list or tax value of such average inventory at 50% of the true value thereof, to-wit, at the sum of $6,230.77. Said taxpayer in its return listed certain supplies at a true value of $2,141.13, which items were further listed at a tax valuation of 70% of the book or true value, to-wit, at the sum of $1500.00.

The Board further finds that the appellant as a taxpayer, in filing its tax return for the year 1940, set cut therein the average true valuation of its manufacturing inventory at the sum of $18,410.00, which average inventory appellant listed at at a tax valuation of 50% thereof, to-wit, the sum of $9,205.00. And in said tax return the appellant set out its supplies as having a book or true value of $461.00, which were listed at 70% of such book or true value.

The Tax Commissioner on audit of appellant's tax return for the year 1939, found that appellant had on hand on January 1 of said year whiskey having a true value of $704.25 and brandy having a true value of $6,647.11, both of which items the Tax Commissioner assessed for taxation at 100% of their true value in money. On this audit the Tax Commissioner determined the average value of the manufacturing inventory of the appellant to be the sum of $15,158.00, which inventory the Tax Commissioner taxed at 50% of such average true value, to-wit, at the sum of $7,580. The Tax Commissioner further found on hand as of said date bottles having a valuation of $870.00, labels having a valuation of $1,050.00, and caps having a valuation of $220.50, all of which items· were assessed by him at 70% of the determined valuation of the same.

In auditing the taxpayer's return for the year 1940 the Tax Commissioner found that said taxpayer, the appellant herein, had on hand on January 1 of said year whiskey having a true valuation of $2,803.26 and brandy having a true valuation of $1600.00, both of which items the Tax Commissioner taxed at their true value. At the same time the Tax Commissioner determined the average true value of the manufacturing inventory of the appellant to be the sum of $16,143.00, which he taxed at 50% of such true value or at the sum of $8,070.00. On this audit it was further found and determined that the appellant had on hand on tax listing day in said year bottles of a true valuation of $818.35, labels having a valuation of $1,020.00, and caps having a valuation of $335.20, all of which items the Tax Commissioner taxed at 70% of the true valuation thereof.

With respect to the whiskey and brandy, above referred to, the Board finds that the only question presented is whether such property was properly assessed for taxation by the Tax Commissioner under the then provisions of §5388-1 GC, or whether, as contended by appellant, this property was assessable only on the basis of 50% of the determined true value of the property. As to this it does not appear to be disputed by the parties in the case that the operations in and by which whiskey and brandy and other ingredients were mixed and blended or refined in making cordials and liqueurs, constituted manufacturing as that term is used in §§5385 and 5388 GC. In this connection the Board further finds that the legislature, in the enactment of the Intangible █ and Personal Property Tax Law, has

evinced the legislative policy and intention with respect to the taxation of tangible personal property in that with a few exceptions, not here material, the only tangible personal property which is taxable is that used in business; and that as to property used in business such thereof as is used in manufacturing is to be taxed at 50% of its true value in money. Sections 5328 and 5388 GC. This declared legislative intent in its application to spirituous liquors used in manufacturing is not, we believe, in irreconcilable conflict with the then earlier provisions of §5388-1 GC, that all whiskey or other spirituous liquor stored in bonded warehouses or other places or buildings should be assessed for taxation upon their true value in money. As to this it may be said, giving effect to all of the above noted statutory enactments in their relation to the question here presented, that although whiskey and other spirituous liquors are to be taxed generally at their true value in money, such property, as in the case of other personal property used in manufacturing, is assessable at 50% of its true value in money when so used. Entertaining this view, the Board finds that the Tax Commissioner erred in assessing the whiskey and brandy here in question at their true value in money, and that the same should be assessed at 50% of such true value.

As to the bottles, caps, and labels, above referred to, the Board finds that the same are not used in the manufacture of the cordials or liqueurs made by appellant, but were used solely for purposes incidental to the sale and distribution of such manufactured products. In this view the Board finds that the Tax Commissioner rightly assessed such items of personal property at 70% of their true value in money.

Although no point is made of the question in either of the appeals filed by the appellant with the Board of Tax Appeals, by way of assignment of error or otherwise, it is contended by appellant in its brief filed herein that 70% of the true value in money of the whiskey and brandy, above referred to, as the true value thereof was determined by the Tax Commissioner, was represented by federal taxes on the manufacture of such whiskey and brandy; which taxes, it is claimed, were paid by the appellant. And as to this, the appellant further contends that the Tax Commissioner in assessing such property for taxes should take 30% of such determined true value of this property as a base and assess taxes on the property at a valuation of 50% of such base. As to this contention it may be observed that although as a matter of conventional arrangement with the distiller of the whiskey and brandy or as a requirement in getting such distilled spirits out of bond, the appellant may have paid the federal taxes on the production of such distilled spirits, the fact remains that the primary incidence of the tax was on the distiller, 6 A, F. C. A., Title 26, Sec. 1150, or, in a sense, on such distilled spirits as such, United States v Rizzo, 297 U. S. 530. In this view the federal taxes on the production of the whiskey and brandy as distilled spirits, whether such taxes were paid by the distiller and charged to the appellant as a part of the sale price thereof, or whether such taxes were paid by the appellant as a part of the sale price of the property, such taxes were incorporated in and as

a part of the value of the property in the hands of the appellant. And aside from the consideration before noted, that no error is assigned with respect to this question in the appeals filed with the Board of Tax Appeals, we are of the view that the Tax Commissioner rightly determined the true value of this property in money although there may have been in- █ cluded in such true value the federal taxes on the production of the property as distilled spirits. See Lash's Products Co. v United States, 278 U. S. 175. The federal tax in such case would be as much a part of the true value of this property in the hands of the appellant as duties and charges paid by a merchant on goods imported by him would be a part of the true value of such goods on the shelves in the merchant's storeroom.

On the considerations above noted it is by the Board of Tax Appeals considered and ordered that a final assessment certificate for each of said tax years be issued by the Tax Commissioner correcting the assessments made by him in the respect herein above noted, and that otherwise the assessment made by the Tax Commissioner on the intangible and personal property of appellant for each of said years be, and the same hereby is, affirmed.