**Lora Belle JOHNSON, Appellant,**

**v.**

**J. E. WALL, Director of Internal Revenue, Appellee.**

**No. 9191.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 15, 1964.

Decided March 6, 1964.

W. H. McElwee, No. Wilkesboro, N. C. (Richard A. Vestal, Winston-Salem, N. C., and Max F. Ferree, Wilkesboro, N. C., on brief), for appellant.

Timothy B. Dyk, Attorney, Department of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson, Meyer Rothwacks and George F. Lynch, Attorneys, Department of Justice, and William H. Murdock, U. S. Atty., and Roy G. Hall, Jr., Asst. U. S. Atty., on brief), for appellee

Before SOBELOFF, Chief Judge, J. SPENCER BELL, Circuit Judge, and BARKSDALE, District Judge.

SOBELOFF, Chief Judge.

This appeal is from an order of the District Court dismissing, for lack of jurisdiction, a suit to enjoin the collection of federal excise taxes on distilled spirits.

In support of the prayer for injunctive relief the taxpayer alleged that she was tried in May, 1959, on bills of indictment charging her with (a) possession of certain non-taxpaid whiskey, and (b) conspiracy to violate the internal revenue laws relating to distilled spirits. The complaint goes on to state that the taxpayer was convicted of the first charge, but was acquitted of conspiracy, and that notice of a federal tax lien was filed against her in September, 1959, for excise taxes assessed on the distilled spirits involved in the conspiracy—a much larger amount than was involved in the possession count. Further allegation is made that the District Director of the Internal Revenue Service demanded payment of the assessed taxes and threatened foreclosure of the tax lien by sale of the taxpayer's home and farm, a consequence which, according to the taxpayer, would deprive her of her main source of income and sustenance and leave her "utterly destitute."

In her claim for an injunction the taxpayer invokes the "general equity jurisdiction" of the federal court. She asserts that the tax sought to be collected is "clearly illegal," that the prospect of severe economic hardship constitutes the type of special and extraordinary circumstances recognizable by a court of equity, and that there is no adequate remedy at law. These contentions are advanced despite the statutory prohibition contained in section 7421(a) of the Internal Rev-

enue Code of 1954, 26 U.S.C.A. § 7421 (a):

"Except as provided in sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."[1]

■■ While it is true that courts in the past have exercised their equitable powers in situations where the taxpayer has made a clear showing both that the tax is illegal and that special circumstances exist,[2] the Supreme Court has recently ruled that an injunction against collection of a tax can be granted only where "it is clear that under no circumstances can the Government ultimately prevail," even if a refund suit is an inadequate remedy "because collection would cause an irreparable injury, such as the ruination of the taxpayer's enterprise." Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 6–7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). Thus, even though the complaint alleges hardship and oppression, it is inadequate to confer subject-matter jurisdiction on the court unless it appears that "under the most liberal view of the law and the facts, the United States cannot establish its claim." Id. at 7 of 370 U.S., at 1129 of 82 S.Ct., 8 L.Ed.2d 292.

Relying upon the case of Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684 (1886), and its holding that an acquittal in a criminal case is conclusive in later civil actions based upon the same acts and facts, the taxpayer argues that the tax sought to be collected is illegal because it is an attempt to impose a penalty for a criminal offense of which she stands acquitted. The court below disagreed, concluding that reliance on Coffey was misplaced because it has been "seriously impaired" as authority and, thus, the standard of Enochs had not been satisfied.

■■ The legality of the tax is not automatically undermined because the assessment followed acquittal of a crime. "That acquittal on a criminal charge is not a bar to a civil action by the Government, remedial in its nature, arising out of the same facts on which the criminal proceeding was based has long been settled." Helvering v. Mitchell, 303 U.S. 391, 397, 58 S.Ct. 630, 632, 82 L.Ed. 917 (1938). Thus, the Coffey doctrine, much criticized by lower courts, but never expressly repudiated by the Supreme Court,[3] is limited to those situations where the Government seeks to impose a punishment which, though civil in form, is penal in nature and is based upon the same facts as the criminal proceeding.[4] Ours is not a case where Coffey, if it still survives, might be applicable. A tax on distilled spirits is not a penalty, but is imposed on the commodity irrespective of the legality of its origin.[5] Collection of such a tax would thus be "remedial" and not punitive.

Accordingly, the District Court correctly concluded that it was without jurisdiction to grant the injunctive relief and that the complaint should be dismissed.

Affirmed.

1. Taxpayer concedes that the statutory exceptions are inapplicable here.

2. See, e. g., Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932); Yoke v. Mazzello, 202 F.2d 508 (4th Cir. 1953); Shelton v. Gill, 202 F.2d 503 (4th Cir. 1953); John M. Hirst & Co. v. Gentsch, 133 F.2d 247 (6th Cir. 1943).

3. E.g., United States v. Burch, 294 F.2d 1 (5th Cir. 1961); United States v. One 1953 Oldsmobile 98 4 Door Sedan, 222 F.2d 668, 671 (4th Cir. 1955).

4. See United States v. Nat. Ass'n of Real Estate Boards, 339 U.S. 485, 492–94, 70 S.Ct. 711, 94 L.Ed. 1007 (1950); Murphy v. United States, 272 U.S. 630, 631–32, 47 S.Ct. 218, 71 L.Ed. 446 (1926); Stone v. United States, 167 U.S. 178, 187–88, 17 S.Ct. 778, 42 L.Ed. 127 (1897).

5. United States v. Rizzo, 297 U.S. 530, 533, 56 S.Ct. 580, 80 L.Ed. 844 (1936); Hudson v. Crenshaw, 224 F.2d 324, 327 (4th Cir. 1955); Larson v. House, 112 F.2d 930 (5th Cir. 1940).