FARMERS LUMBER & HAY COMPANY, APPELLANT, V. HENRY SHALD ET AL., APPELLEES.

FILED DECEMBER 4, 1920.   No. 20991.

Mechanics' Liens: EQUITY. Equity may require a lumber dealer, who bound himself as surety on a contractor's agreement to construct a building and turn it over to the owner free from mechanics' liens

for a specific price, to respect his suretyship, where he furnished lumber to the contractor and filed a mechanic's lien, which, when added to payments made by the owner for materials and labor as the work progressed, exceeded the contract price, though some of such payments were made without estimates of the architect in violation of the building contract.

APPEAL from the district court for Holt county: ROBERT R. DICKSON, JUDGE. *Affirmed.*

*M. F. Harrington* and *J. J. Harrington,* for appellant.

*John P. Breen, A. R. Oleson* and *R. H. Olmsted, contra.*

ROSE, J.

This is an action to foreclose a mechanic's lien for materials furnished by plaintiff and used in the construction of a dwelling-house on land owned by defendant Henry Shald in Holt county. Shald entered into a contract which obligated Samuel W. Rector, building contractor, to construct a dwelling-house according to adopted plans and specifications, and, when completed, to turn it over to Shald free from mechanics' liens for the agreed price of $3,450. For materials and labor furnished in the construction of the building Shald paid to persons entitled thereto $2,909.20, and owes plaintiff the difference between that sum and the contract price, or $540.80, with interest from December 24, 1913. For materials furnished by plaintiff to the contractor, the latter owes $900, with interest from December 24, 1913. It is for Shald's failure to pay in full this claim against Rector that foreclosure is sought. Shald concedes his liability for the difference between the contract price and the payments made, but he denies further liability to plaintiff. This partial defense is based on a plea in Shald's answer that plaintiff was surety on the contractor's bond, and was thus bound by Rector's obligation to construct the dwelling-house for $3,450 and to turn the completed building over to Shald free from mechanics' liens. The reply to the answer contains the plea that Shald paid claims without estimates of the architect, and failed to limit his payments to 75 per cent. of the value

of the labor and materials furnished, thus violating the building contract and releasing plaintiff as surety on the contractor's bond. The trial court found that plaintiff, as surety, had not been released, and ordered a foreclosure limited to the difference between the contract price and the sum of the payments made by Shald for materials and labor, or $729.90, including interest. Plaintiff has appealed.

If plaintiff as surety on the bond of the contractor is bound by the contractor's obligation to turn over to Shald free from mechanics' liens the completed dwelling-house for $3,450, plaintiff is not entitled in equity to a mechanic's lien for any part of its claim in excess of the contract price. The question presented by the appeal is the release of plaintiff from its obligations as surety. In this connection plaintiff invokes the doctrine that the owner of a building in course of construction releases the sureties on the contractor's bond by violating the terms of the building contract. *Bell v. Paul*, 35 Neb. 240.

There are reasons why the doctrine announced in the case cited should not be applied here. That was an action at law on the bond. The obligor there sued sureties who were entitled to stand on the strict letter of their obligations as favorites of the law. Here plaintiff itself is the surety, and is seeking in a court of equity to foreclose a mechanic's lien against an obligor whom it had undertaken to protect from mechanics' liens. Plaintiff in the present case is not a favorite of the law, because as a merchant it made use of its suretyship for the dual purpose of inducing Shald to engage Rector as building contractor and of selling to the latter for profit materials to be used in the construction of Shald's building. Having come into a court of equity seeking affirmative equitable relief, plaintiff must abide by the rules of equity. Shald paid $1,200 for labor and materials on estimates of the architect, but made other payments without such estimates. Out of payments made by Shald plaintiff itself received at least $940.80. The purpose to which the con-

tractor devoted one payment of $100 is not shown, but all other payments made without estimates were for labor and materials. The claims for the sums paid would, except for such payments, have ripened into claims for mechanics' liens against which plaintiff as surety had obligated itself to protect Shald. When the building was completed Shald had retained approximately the percentage required by the building contract, and plaintiff was not injured by the mere failure of Shald to make payments only on estimates of the architect. Under these circumstances, equity will not permit the release of the surety, but will require it to perform the obligations of its suretyship as a condition of foreclosure.

AFFIRMED.