## In re SOL. GOODMAN CO., Inc.

District Court, S. D. New York.
Aug. 17, 1932.

Hartman, Sheridan, Tekulsky & Pecora, of New York City (Julius Silver, of New York City, of counsel), for trustee in bankruptcy.

Abraham Rotwein, of New York City, for claimant.

518

MACK, Circuit Judge.

In the latter part of July, 1930, claimant and Harry Goodman commenced active business under the firm name of Grand Textile Company, under agreement made June 27, 1930. Goodman was an officer and stockholder to the extent of 20 of a total of 250 shares in bankrupt which was adjudicated as such on August 7, 1931, and controlled its affairs. I shall assume, without deciding, that the firm was not a mere agent of bankrupt, but its vendee or undisclosed principal, and thus entitled to the profits earned even though bankrupt bought the goods in its name and therefore on its credit and charged only the cost price to the firm which converted them into the finished dyed goods, ready for sale. In consequence of the credit thus gained, the firm business speedily increased in volume entirely out of proportion to the initial investment of $1,500 by each partner. Out of the proceeds of its sales or advances by its factor, the firm placed bankrupt in funds to meet the latter's indebtedness for the cost of the silks; the firm retained the balance of such proceeds. Thus, no compensation was paid to bankrupt for the use of its credit or otherwise.

After some three months of activity, toward the end of October, 1930, a controversy arose between the partners which, in accordance with the agreement of partnership, was submitted to arbitration. The arbitrators found the net worth of the firm, in which the value of merchandise on hand on October 22, 1931, appraised at upwards of $90,000, was included, to be $28,365.31. The award, dated December 17, 1930, required Goodman to assume a lease of the partnership and to save claimant harmless against liability thereunder, and held claimant entitled to "the sum of $10,250. against Harry Goodman in full settlement of any and all claims of either party against the other in connection with the dissolution of the partnership." The arbitration was not merely for an accounting between partners of a continuing firm, but as the award clearly indicates, was based upon dissolution of the firm. Judgment was entered upon the award on January 13, 1931. Execution which issued thereunder seems to have been returned unsatisfied, although Goodman testified that "he believed" his salary had been attached.

Claimant filed an amended proof of debt, dated October 30, 1931, in the amount of $72,547.98, for the "conversion of 1800 silk pieces of material, property of claimant and for goods sold and delivered, consisting 1800 pieces of silk materials belonging to the claimant, as per annexed statement." From the annexed statement, it appears that the silk in question was merchandise which had been on hand for sale by the firm at the time when the dispute occurred. At the hearing before the referee, claimant declared that he waived the alleged conversion and rested his claim upon a theory of unjust enrichment of bankrupt at his expense in the sum of $14,182.65, half of the asserted net worth of the firm.

Assuming, as claimant contends, that title to goods purchased through bankrupt vested in the firm as undisclosed principal in these transactions, this title remained even if, as the trustee contends, Goodman's violation of his fiduciary duty to the bankrupt and claimant's participation therein rendered them accountable to the bankrupt for all the profits. Ownership of the goods by the firm is however, in my judgment, irrelevant because by the dissolution, the arbitration award, and the judgment thereon, claimant acquired a direct claim against Goodman personally in lieu of his interest in the firm, its assets, or its net worth. Only as a creditor of Goodman, not as a part owner of any specific firm property or as a partner entitled to a half interest in the net value of the partnership or of any of its assets, could claimant assert any rights against bankrupt; the basis of such a claim would be a fraudulent transfer by Goodman to the bankrupt to hinder and delay his creditors.

Since bankrupt was a creditor of the firm at the time of transfer for about $110,000, and since, under section 272 of the Debtor and Creditor Law of New York (Consol. Laws, c. 12), the satisfaction of an antecedent debt is fair consideration, the assignment, to be in fraud of creditors, must be shown to have included assets in excess of $110,000, or to have been made without reference to the indebtedness, or to fall within the condemnation of section 276 of the Debtor and Creditor Law as made with actual intent to hinder, delay, or defraud creditors. The figure of $28,365.31 as the net worth of the partnership on October 22, 1930, was derived from calculation in which the value of the merchandise was taken at $93,432.41, and in which the debt account comprised items totaling $1,286.09 in addition to the indebtedness to the bankrupt. Inasmuch as claimant herein, by the terms of the proof of debt, fixes the value of the merchandise at $72,547.98, the net worth cannot, for the purposes of this case, be accepted as more than $7,480.88, and the

excess of value of property conveyed over the indebtedness to bankrupt at more than this sum of $7,480.88 and $1,286.09, the other indebtedness, in all, $8,766.97.

If, however, the amount actually received by bankrupt for the merchandise be the proper measure of value to be applied, then it is clear that the transfer did not suffice to pay the bankrupt's claim.

Claimant's right as Goodman's unpaid creditor to recover from bankrupt must be based upon proof that the transfer was not made in satisfaction of the debt due to the bankrupt or was made with actual intent to defraud creditors. No such claim was made, asserted, or proven; it would present different problems from those raised herein or before the referee. I cannot treat the proof of debt as amended to conform to the only rights that claimant could possibly have; as made, it was properly expunged.

The order of the referee must accordingly be affirmed.