**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Harry KAPLAN, Defendant-Appellant,**
**and**
**Annie Kaplan, Defendant-Appellee.**

No. 185, Docket 23750.

United States Court of Appeals
Second Circuit.

Argued March 5, 1959.

Decided May 22, 1959.

Arthur H. Christy, U. S. Atty., for the Southern Dist. of New York, and Myra Schubin, Asst. U. S. Atty., New York City, for plaintiff-appellant.

Louis Schifrin, New York City, for defendant-appellant Harry Kaplan and appellee Annie Kaplan.

Before MEDINA and HINCKS, Circuit Judges, and MATHES, District Judge.*

MATHES, District Judge.

By this action the Government asserted two claims, first seeking judgment against Harry Kaplan for $29,440.20, together wth penalties and interest, by reason of unpaid distilled spirits taxes on certain alcohol and mash seized in 1935; and, in event of award of judgment against Harry Kaplan on the tax claim, that four 1945 conveyances from Harry to his wife Annie be set aside as fraudulent.

The material facts are not in controversy and are best stated chronologically. On November 11, 1935, the Government seized certain alcohol and mash at a place known as Cannon Farm, where a still was being operated. On January 14, 1938, an indictment was returned charging Harry Kaplan and 65 others with a conspiracy to erect the Cannon Farm still, among others, and there manufacture distilled spirits with the intent to defraud the Government of the appropriate taxes thereon. On December 12, 1941, Harry Kaplan pleaded guilty as charged in the indictment, and was convicted upon his plea and sentenced.

On February 24, 1945, the Commissioner of Internal Revenue assessed distilled spirit taxes amounting to $21,509.-80 against Harry Kaplan and others covering the spirits produced at the seized still, and on March 2, 1945, made demand on Harry Kaplan for payment. The tax

---

* United States District Judge for the Southern District of California, sitting by designation.

claim of the Government against Harry Kaplan was tried to a jury, whose verdict was in favor of plaintiff; and judgment was entered thereon.

By three deeds signed, dated, acknowledged and delivered on September 27, 1944, and recorded on March 12, 1945, Harry Kaplan conveyed three separate parcels of real property to his wife Annie for a stated consideration of "One and more dollars." As to each of these three conveyances, the District Court found that the consideration therefor was "monies theretofore loaned by Annie Kaplan to Harry Kaplan."

By a fourth deed dated October 15, 1945, and recorded on November 16, 1945, Harry Kaplan for a stated consideration of "One dollar and other valuable consideration," conveyed to Annie his interest as co-tenant by the entirety in a parcel known as the "Synagogue property." As to this conveyance, the District Court found that the consideration therefor was "not a fair consideration," and accordingly decreed that the conveyance be set aside as fraudulent under § 273 of the New York Debtor and Creditor Law.

■ On his appeal from the judgment entered on the jury's verdict for the Government's tax claim, Harry Kaplan urges that admission in evidence of (1) the conviction upon his plea of guilty to the conspiracy charge, without permitting him to explain his guilty plea, and (2) testimony as to acts done and statements made without his presence as to the Cannon Farm still, constituted prejudicial error, as did that portion of the District Court's charge to the jury explaining the evidentiary effect of the judgment of conviction in the criminal case.

■ Judge Burke refused to permit Harry Kaplan, either by his own testimony or through witnesses, to explain the reasons for the guilty plea, and in effect charged the jury that Harry Kaplan's plea of guilty in the criminal proceeding, in which he was charged with conspiring with others to erect and operate an illegal still without paying the tax imposed by law and with intent to defraud the Government, was conclusive as to all facts covered by the charge, admitted by the plea, and adjudicated as between the Government and Harry Kaplan by the final judgment of conviction which was entered on the plea. Both the ruling, excluding evidence in explanation of the guilty plea, and the charge to the jury were correct. [Local 167 of International Brotherhood of Teamsters, Chauffeurs, Stablemen & Helpers of America v. United States, 1914, 291 U.S. 293, 298, 54 S.Ct. 396, 78 L.Ed. 804; see United States v. Wainer, 7 Cir., 1954, 211 F.2d 669; cf. Emich Motors Corp. v. General Motors, 1951, 340 U.S. 558, 568–569, 71 S.Ct. 408, 95 L.Ed. 534; Helvering v. Mitchell, 1938, 303 U.S. 391, 397–398, 58 S.Ct. 630, 82 L.Ed. 917; and see Developments in the Law-Res Judicata, 65 Harv.L.Rev. 818, 878–80 (1952).]

■ The judgment of conviction upon his plea of guilty having conclusively adjudicated Harry Kaplan a member of the conspiracy [Local 167 of International Brotherhood of Teamsters, Chauffeurs, Stablemen & Helpers of America v. United States, supra, 291 U.S. at page 298, 54 S.Ct. at page 398], the District Court correctly admitted statements made by his co-conspirators during the continuance of, and in furtherance of, the conspiracy. See Delli Paoli v. United States, 1957, 352 U.S. 232, 237–239, 77 S.Ct. 294, 1 L.Ed.2d 278; Lutwak v. United States, 1953, 344 U.S. 604, 617–619, 73 S.Ct. 481, 97 L.Ed. 593; Pinkerton v. United States, 1946, 328 U.S. 640, 645–648, 66 S.Ct. 1180, 90 L.Ed. 1489.

There appearing no error or defect in the trial before the jury, the judgment entered on the verdict in favor of the Government and against Harry Kaplan for the unpaid taxes, penalties and interest must be affirmed.

■ Turning now to the Government's appeal from the adverse portion of the judgment on the second cause of action as to the allegedly fraudulent conveyances, we find no challenge by either the Government or the Kaplans to that portion of the judgment setting aside as

fraudulent as to creditors the conveyance of the so-called "Synagogue property." As to the other properties involved, after hearing all evidence adduced on the issues raised by the Government's claim to equitable relief, the District Court found that the three conveyances "were not made with the intent to hinder, delay or defraud creditors." According due regard to "the opportunity of the trial court to judge of the credibility of the witnesses" [Fed.R.Civ.P. 52(a) 28 U.S. C.A.], we cannot say that the finding of absence of any actual fraud within § 276 of the New York Debtor and Creditor Law is clearly erroneous.

The Government insists, however, that the three conveyances in question were nonetheless fraudulent within § 273 of the Debtor and Creditor Law, which provides that: "Every conveyance made * * * by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made * * * without a fair consideration." [N.Y.L.1925, c. 254, § 1, 12 McKinney's Consolidated Laws of N.Y. 242 (1945).]

■ It was the finding of the District Court that, at the time of the three conveyances, "Harry Kaplan was not indebted to the United States," and further that "by said conveyances he did not become insolvent." On the record here, we agree with the Government that both of these findings are clearly erroneous. Under the applicable tax statute [26 U.S. C. § 1150(c) (d) (1934 ed.)], the Government was a creditor of Harry Kaplan from the time the alcohol was produced in 1935. United States v. Rizzo, 1936, 297 U.S. 530, 533, 56 S.Ct. 580, 80 L.Ed. 844. And Harry Kaplan's financial statement of July, 1945 discloses that he was insolvent when the three transfers were made to his wife.

■ Inasmuch as the transferor was insolvent at the time, the transfers were fraudulent within § 273, if made without a fair consideration. It was the uncontradicted testimony of both Harry and Annie Kaplan that all three properties were purchased with Annie's money. The burden of proof rested upon the Government affirmatively to establish that the conveyances were made without a fair consideration. Strongin v. International Acceptance Bank, 2 Cir., 1934, 70 F.2d 248, 252, certiorari denied 293 U.S. 575, 55 S.Ct. 86, 79 L.Ed. 673; In re Goodman, D.C.S.D.N.Y. 1932, 5 F.Supp. 517, 518; Henry v. First National Bank, Sup., 1951, 110 N.Y.S.2d 115; Fox v. Sizeland, 1938, 170 Misc. 390, 9 N.Y.S.2d 350.

■ It is true, as the Government points out, that the District Court made no express finding of fact as to whether or not there was a fair consideration for each of the three transfers. But as to each conveyance there is the finding, supported by uncontradicted evidence, that the "consideration for said conveyance was monies theretofore loaned by Annie Kaplan to Harry Kaplan." See N.Y. Debtor and Creditor Law, § 272, subd. a; In re North Babylon Estates, 2 Cir., 1948, 30 F.2d 372, 374; Halsey v. Winant, 1932, 258 N.Y. 512, 180 N.W. 253.

Moreover, the record here would not sustain a finding that the consideration was not fair, and this record presumably contains all the evidence which both sides could marshal on this issue. So it would be nothing less than a waste of judicial effort to remand this Jarndyce-like litigation to the District Court for an express finding.

Accordingly, deeming failure to make an express finding on the issue as to fair consideration to be harmless error on the record in this case made long years after the events in question [Fed. R.Civ.P. 61], we affirm the judgment of the District Court.