[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On January 11, 2002, the plaintiff pro se, alleging that he had been wrongfully terminated by the defendant BancTec, Inc. brought a suit pursuant to General Statutes § 31-51m, making it illegal for an employer to discharge an employee because the employee discloses a violation of law to a public body. At the same time that this suit was brought to Superior Court, the plaintiff had an amended complaint before the Connecticut Human Rights and Opportunities Commission ("CHRO") alleging that he was fired in retaliation for his initial CHRO complaint.
On March 13, 2001, the defendant moved to dismiss the Superior Court suit because § 31-51m provides that before any court action may be taken, "all" available administrative remedies must have been exhausted. At the argument of the motion to dismiss, the plaintiff introduced a letter from the Department of Labor indicating that there were no further proceedings available through its agency and suggesting that the plaintiff might proceed with an action under § 31-51m. This letter did not cover the pending CHRO complaint. At the time of argument, the CHRO had dismissed the plaintiffs complaint under its initial review program, § 46a-83 (b), but had not acted on the plaintiffs request for reconsideration. § 46a-83 (e).
The trial judge did not act on the motion to dismiss, but held it in abeyance. The CHRO matter later was completed on July 31, 2002, with a denial of reconsideration, and subsequently on September 6, 2002, the court denied the motion to dismiss as moot. The defendant has now moved for summary judgment on two grounds. The first is that while the CHRO denied reconsideration under § 46a-83 (e), the plaintiff did not move for a release to bring the action to court. § 46a-83a. From this, the defendant contends that the plaintiff has still not exhausted his administrative remedies.
The court does not agree with this contention. The administrative CT Page 15745 remedies contemplated by § 31-51m do not include pursuing a case dismissed by the CHRO to court. The plaintiff had an option to bring an administrative appeal under § 4-183 within forty-five days or to ask for a release under § 46a-83a within fifteen days. This does not mean, however, that these remedies became "administrative remedies" that must be pursued before an action might be brought under § 31-51m. SeeHartford v. Hartford Municipal Employees Assn., 259 Conn. 251, 281
(2002).
The plaintiff also raises the issue of the jurisdiction of the court because the action when brought lacked subject matter jurisdiction. The court concludes that the superior court was without jurisdiction at the time the suit was filed and could not wait until the CHRO completed its process[1], but was obliged to dismiss the complaint when the motion to dismiss was filed[2]. See Greene v. Meachum, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 378623 (December 26, 1990, Stengel, J.); Trombley v. Convalescent Center of Norwich, Superior Court, judicial district of New London at New London, Docket No. 513772 (June 30, 1999, Martin, J.) (exhaustion under 31-51m is a matter of subject matter jurisdiction; must dismiss). See also Sosin v.Scinto, 57 Conn. App. 581, 588-89 (2000) (could not stay, could only dismiss, for failure to exhaust). In the case of Neal v. Goord,267 F.2d 116, 121-23 (2d Cir. 2001) this very issue arose where a statute required prisoners to bring their cases before a panel established by the correctional center before filing a § 1983 suit. The court refused to allow a stay of the premature court suit until the board had finished its review; rather the district court had to dismiss the case on jurisdictional grounds.
The court must therefore dismiss this suit, but this does not end the matter. The remaining issue is whether the dismissal should be with prejudice. Section 31-51m provides that the employee must bring a civil action within ninety days of his termination or ninety days of the end of the administrative process. This ninety-day limitation is, however, subject to equitable tolling. See Williams v. CHRO, 257 Conn. 258, 290
(2001); Haekal v. Refco, Inc., 198 F.3d 37, 43 (2d Cir. 1999). Assuming that he acts with dispatch, the plaintiff should be able to commence another § 31-51m suit and attempt to establish from this prior record that the ninety-day limit is not a bar.
Considering the pending motion to be based on the lack of subject matter jurisdiction, the action is dismissed without prejudice.
 ___________________ Henry S. Cohn CT Page 15746